ROBERT NAYLOR

*v.*

THE CITY OF GALESBURG.

56   285
121   107
56   285
195   166

1. REPEAL OF ORDINANCES—*repugnance.* A city had adopted the following ordinances respecting the sale of liquor:

" Whoever shall, by himself, his clerk, agent or servant, sell any alcoholic or intoxicating drink whatever, or any intoxicating liquor, in any quantity, or shall deliver or give away the same, to be drank or used as a beverage, shall be subject to a penalty of not less than fifty dollars.

" The sale, barter, exchange or giving away of all intoxicating drinks or liquors is prohibited, except by licensed druggists, and only allowed by them for sacramental, mechanical, medicinal, chemical purposes, and for a second or subsequent convictions under this division, the party offending shall be subject to a penalty of not less than seventy-five dollars."

After which the following:

" Whoever, except a licensed druggist, shall, by himself, his clerk, agent or servant, sell any alcoholic or intoxicating drink whatever, or any intoxicating liquor, in any quantity, or in any house, room or place where such liquors are kept, stored or delivered, give away the same to any person for use as a beverage, shall be subject to a penalty of not less than fifty dollars." *Held*, there was such a repugnance between them that the last ordinance must operate to repeal the former.

2. SAME—*effect of repeal upon pending proceedings.* The repeal of an ordinance of a town or city which prescribes a penalty for its violation, pending a prosecution under such ordinance, will operate to put an end to such prosecution, unless saved by a clause in the repealing ordinance.

3. SAME—*construction of the act of* 1859. This rule of the common law prevails as to ordinances of a town, notwithstanding the statute of 1859 in relation to the repeal of laws by implication. That act applies solely to statutes enacted by the legislature, and not to the laws or ordinances of a corporation.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a prosecution against Naylor, to recover the penalty for an alleged violation of an ordinance of the city of

Galesburg, prohibiting the sale of spirituous liquor. The pro-
ceedings were commenced before a justice of the peace, and
removed into the circuit court by appeal, where a trial resulted
in favor of the city.

Mr. FREDERICK A. WILLOUGHBY, for the appellant.

Messrs. KITCHELL & ARNOLD, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a proceeding, under an ordinance of the city of
Galesburg, imposing a penalty for the sale of intoxicating
liquor.

The city proved, on the trial, that appellant had, at one time,
sold two gallons of whisky, and at another time, three gal-
lons; and then offered the following ordinances:

"§ 3. Whoever shall, by himself, his clerk, agent or servant,
sell any alcoholic, or intoxicating drink whatever, or any in-
toxicating liquor, in any quantity, or shall deliver or give away
the same to be drank, or used as a beverage, shall be subject to
a penalty of not less than fifty dollars.

"§ 7. The sale, barter, exchange, or giving away of all intox-
icating drinks, or liquors, is prohibited, except by licensed
druggists, and only allowed by them for sacramental, mechan-
ical, medicinal, chemical purposes, and for a second or sub-
sequent convictions under this division, the party offending
shall be subject to a penalty of not less than seventy-five dol-
lars."

Appellant then introduced this ordinance:

" Whoever, except a licensed druggist, shall, by himself, his
clerk, agent or servant, sell any alcoholic or intoxicating drink
whatever, or any intoxicating liquor, in any quantity, or in any
house, room or place where such liquors are kept, stored or
delivered, give away the same to any person for use as a bev-
erage, shall be subject to a penalty of not less than fifty dollars."

It was admitted that the ordinances offered by appellant had been adopted subsequently to the commencement of the prosecution, and prior to the trial in the circuit court.

There is such a repugnance between these ordinances, that the last must operate as a repeal of the former. In the latter, licensed druggists are excepted from the penalty. It also contains additional words of limitation; and there is no evidence of any saving clause.

This is a *quasi* criminal prosecution, and the law is too well settled to require argument, that the repeal of an ordinance puts an end to all proceedings growing out of it, and pending at the time of repeal, unless saved by a clause in the repealing ordinance. The subsequent ordinance is clearly a revision of the first, and a substitute for it. The one against which the offense was committed was not subsisting at the time of the trial in the circuit court. *Board of Trustees, etc.,* v. *City of Chicago,* 14 Ill. 334.

This rule of the common law prevails as to ordinances of a town, notwithstanding the statute of 1859, in relation to the repeal of laws by implication. Sess. Laws of 1859, p. 52.

That act applies solely to statutes enacted by the legislature, and not to the laws of a corporation; and we cannot extend its operation to ordinances.

The other questions presented by the instructions and in the argument do not now arise.

The judgment of the circuit court is reversed.

*Judgment reversed.*