JONATHAN C. MITCHELL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

LOCAL LAWS—*in respect to courts, abrogated by the new constitution.*  The 12th section of the act entitled "An act to provide sanitary measures and health regulations for the city of Chicago," etc., approved February 16,

1865, which authorizes the filing of an information, etc., is local, applying to the practice in the Criminal Court of Cook county only, and is therefore abrogated by section 29 of article 6 of the new constitution, and no trial and conviction can be had under such statute.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an information by the State's Attorney of Cook county against Jonathan C. Mitchell, charging the defendant with being unlawfully engaged in rendering grease and putrid and decayed animal matter, and in the business of slaughtering animals in such a manner as to create offensive odors in the city of Chicago. The opinion of the court presents the case and its nature.

Messrs. KNOWLTON & HUMPHREYVILLE, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a prosecution against the plaintiff in error, in the Criminal Court of Cook county, for maintaining a public nuisance. Trial was had in that court, resulting in the conviction of plaintiff in error, which he now seeks to reverse by this writ of error, upon the ground that the section of the statute under which the prosecution was commenced and trial had, was abrogated by the 29th section of the 6th article of the constitution of 1870, and this is the only question presented for our consideration.

The section in question is the 12th, of an act entitled "An act to provide sanitary measures and health regulations for the city of Chicago, and to provide for the appointment of a health officer for the city of Chicago," approved February 16, 1865, and is as follows:

"If any person or persons, corporation or corporations,

shall be engaged in rendering any dead animals, or grease of any description whatsoever, or in the manufacture, preparation or storage of any offal, blood, or any other animal matter, or in the slaughtering or feeding of any animals, or in any other business tending to produce noxious or unwholesome matter, within the city of Chicago, or within four miles of the limits thereof, in such a manner as to create unwholesome or offensive odors, it shall be the duty of the State's Attorney for Cook county, upon a complaint in writing, and under oath, filed with him, made by the health officer of said city, and whose duty it shall be, having knowledge of the fact, to make such complaint, or upon like complaint made by any three residents and freeholders of Chicago, said complaint to set forth the fact of the carrying on of a business producing unwholesome, noxious or offensive odors, together with a description of the premises where the same is conducted, and the name or names, if the same can be ascertained, of the person or persons conducting such business, to file an information in the name of the people of Illinois, in any court of record in and for the city of Chicago or county of Cook, against said establishment, or the persons carrying on the same; and immediately upon the filing of such information, process shall issue from the court where such information shall be filed, directed to the health officer of the city of Chicago, or to the sheriff of Cook county, authorizing and requiring them, or either of them, to take possession of the premises and fixtures where such business is being conducted, and retain possession of the same until a trial of said information shall be had, and to summon the person or parties in said information named to appear and answer the same forthwith; and it shall be the duty of the court in which such information may be filed, to proceed to the hearing of said information as soon as may be, giving the same precedence of all other causes, except criminal business; and if, upon the hearing of said cause, the person or persons against whom said information shall be filed, shall be found guilty as in said information charged, they shall be

adjudged to pay the costs and a fine of not less than one hundred dollars nor more than five hundred dollars, and the court shall issue a writ of injunction perpetually enjoining him or them from continuing such business in any offensive or injurious manner. In case the parties so charged shall not be found guilty, the property seized shall be at once restored to them. If in any case prosecuted under the 11th and 12th sections of this act, there existed probable cause for the complaint or seizure, it shall be the duty of the court so to certify, and no action shall then lie against the party or parties making such complaints or seizure, and in that case the costs shall be paid by the city."

It is declared, by the 29th section of the 6th article of the constitution of 1870, that, "All laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

The Criminal Court of Cook county is of the same class or grade as the circuit courts of the State, and has the same jurisdiction and powers in criminal cases. See article 6, sections 23, 24, 25, 26, constitution of 1870.

It was held by this court, in *The People* v. *Rumsey*, 64 Ill. 44, *O'Connor* v. *Leddy*, ibid. 299, *Taylor* v. *Smith*, ibid. 445, *Hills* v. *The City of Chicago*, 60 Ill. 86, *The People ex rel.* v. *McRoberts*, 62 Ill. 38, and *Phillips* v. *Quick*, 68 Ill. 324, that the section of the constitution quoted, abrogated all special or local laws regulating the powers, proceedings and practice of the courts of this State, in force at the time of its adoption, and it is unnecessary now either to reargue the question or restate the reasoning by which those decisions are sustained.

We think it too plain to require argument, that the section under which the defendant was prosecuted and convicted, is local, specially applying to the proceedings and practice in the Criminal Court of Cook county, in a particular class of public

nuisances.  The act does not profess to apply to any other county than Cook, and the prosecutions are required to be commenced in the Criminal Court of that county.  Prosecutions for the same class of offenses, in other counties, are not governed by this section, nor is the manner of instituting the prosecution, or the amount of punishment authorized to be imposed, in case of conviction in such cases, the same.

Upon the authority of the cases referred to, we can not do otherwise than hold that the section under consideration was abrogated by the adoption of the 29th section of the 6th article of the constitution of 1870, and that the defendant's conviction was, consequently, without authority of law.

The judgment of the court below is reversed and the defendant discharged.

                                                *Judgment reversed.*