SAMUEL BERKOWITZ

v.

JOHN T. LESTER *et al.*

*Filed at Ottawa May 12, 1887.*

1. CIRCUIT COURTS IN COOK COUNTY—*of their jurisdiction in criminal cases—and generally, of the courts in Cook county as existing under the present constitution.* Section 1 of article 6 of the constitution provides that the judicial powers, except as in that article is otherwise provided, "shall be vested in one Supreme Court, circuit courts, county courts, justices of the

peace, police magistrates, and such courts as may be provided by law in and for cities and incorporated towns." The exception in the section has reference to section 11 of the article, which authorizes the creation of Appellate Courts, and to section 20, which gives power to create probate courts in certain counties.

2.    Section 23 of article 6, which changes the name of the Superior Court of Chicago to that of the Superior Court of Cook county, and continues its existence under the latter name, does not bring it within the terms of the exception in section 1. That court has precisely the same jurisdiction as circuit courts, and the judges thereof are vested with the same powers as judges of circuit courts.

3.    Section 12 of article 6 of the constitution, providing that "circuit courts shall have original jurisdiction of all causes in law and equity," etc., has reference and applies to every circuit court in the State, regardless of location, its object being to place all circuit courts in the State upon the same footing, with like powers and jurisdiction.

4.    Section 26 of article 6 of the constitution continued in existence the Recorder's Court of Chicago, changing its name to that of the Criminal Court of Cook county, and enlarged its jurisdiction so as to embrace all criminal and *quasi* criminal cases, and extended such jurisdiction over Cook county, and deprived it of its principal civil jurisdiction. Except as to civil matters, its jurisdiction is the same as that of the circuit courts. In criminal cases, and actions *quasi* criminal, its jurisdiction is made concurrent with that of the circuit courts, but not exclusive.

5.    The language in section 26 of article 6, that "it shall have *the* jurisdiction of a circuit court *in all cases of criminal and quasi criminal nature* arising in the county of Cook," means, merely, that it shall have the same jurisdiction as the circuit court in the matters named, without impairing, in any manner, the jurisdiction of the latter court in Cook county.

6.    An action was brought in the circuit court of Cook county, to recover the penalty given by section 132 of the Criminal Code, which that court dismissed, on the sole ground that it had no jurisdiction of any matters of a criminal nature: *Held*, that the circuit court had jurisdiction, and erred in dismissing the suit.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for the plaintiff in error.

Mr. JOHN N. JEWETT, and Mr. JOHN S. COOK, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought in the circuit court of Cook county, by the plaintiff in error, to recover the statute penalty provided by section 132 of the Criminal Code. The action being *quasi* criminal, the circuit court, on motion of the defendants, dismissed the suit, on the sole ground, as shown by a bill of exceptions in an amended record filed in the cause, that the circuit court of Cook county, under the constitution and laws of the State, has no jurisdiction of the subject matter of such an action. No bond for costs was filed by the plaintiff, as is required by the statute in such cases, and the plaintiff might have been ruled to file a bond, and upon failure to observe the rule, the action, for that reason alone, might have been dismissed; but no objection of this character was taken, and hence the sole and only question to be determined is, whether the circuit court of Cook county has jurisdiction of a criminal or *quasi* criminal action.

It is insisted, in the argument, that under the constitution exclusive jurisdiction is conferred upon the Criminal Court of Cook county in all cases of criminal and *quasi* criminal nature, arising in the county of Cook. In order to obtain a correct understanding of the question involved, it will be necessary to refer to some of the provisions of article 6 of the constitution, relating to the judicial department of the State.

The article contains thirty-three sections, arranged under different heads. Section 1 provides that "the judicial powers, *except as in this article is otherwise provided,* shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be provided by law in and for cities and incorporated towns." The exception alluded to in the article has reference, no doubt, to section 11 of the article, which provides that Appellate Courts may be created after 1874, and also to section 20 of the article, which provides that the General Assembly may estab-

lish probate courts in each county having a population of over 50,000. In all other respects, the judicial powers seem to be vested in a Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be provided by law in and for cities and incorporated towns.

Section 23 provides that the Superior Court of Chicago shall be continued, and called the Superior Court of Cook county; but this does not bring the Superior Court within the terms of the exception, as judges of the Superior Court and judges of the circuit court exercise the same powers, and, under the constitution, are placed upon the same footing. (*Jones* v. *Albee,* 70 Ill. 34; *Samuel* v. *Agnew,* 80 id. 553.) Indeed, under the constitution, there is no distinction, except in name, between the Superior Court of Cook county and the circuit court of Cook county. Both courts have the same jurisdiction and exercise the same powers.

The next section which seems to have a bearing on the question is section 12, as follows: "Circuit courts shall have original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law." The language employed in this section is plain, and its meaning is apparent. The expression, "circuit courts," is general. It has reference to every circuit court in the State, regardless of location. The object being to place all circuit courts in the State upon the same footing, with like powers and jurisdiction, whether the circuit court may be located in Cairo or Chicago was a matter of no consequence. The jurisdiction, under the terms of the constitution, is the same in every circuit in the State. This view is manifest from section 29 of the same article, which declares that all laws relating to courts shall be general, and of uniform operation; and the organization, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform.

In speaking of this section of the constitution, in *People* v. *Rumsey*, 64 Ill. 45, soon after the adoption of the constitution, this court said : "We can not regard this provision as only a guide and direction to future legislatures in the enactment of laws concerning the practice of the courts. The courts of Cook county are of the same class or grade as the courts throughout the State, and are embraced within the provision of the constitution. What was the object of the constitution, and what the evil intended to be remedied ? * * * It was intended to abrogate all this special legislation, and establish uniformity in the powers, proceedings and practice of all the courts of this State of the same class or grade."

It is not questioned that the circuit courts of Cook county are of the same class or grade as the circuit courts in the rest of the State. Nor is it denied that a circuit court outside of Cook county has jurisdiction of an action *quasi* criminal in character, like this action. If, then, as held in the case cited, the constitution, of itself, established uniformity in the powers and practice of all the circuit courts of the State, the question involved would seem to be free from difficulty. In order to hold that the circuit court of Cook county has no jurisdiction of this action, it must be held that the circuit courts of that county are of a different grade from the circuit courts in the other counties of the State, which can not be done; and in addition to this, section 29 of article 6, of the constitution, must be disregarded. This we are not prepared to do.

But it is said that section 26 of article 6 confers exclusive jurisdiction on the Criminal Court of Cook county. That section is as follows :

"Sec. 26. The Recorder's Court of the city of Chicago shall be continued, and shall be called the 'Criminal Court of Cook county.' It shall have *the* jurisdiction of a circuit court *in all cases of criminal and quasi criminal nature*, arising in the county of Cook, *or that may be brought before said court pursuant to law;* and all recognizances and appeals taken in said

county in criminal and *quasi* criminal cases, shall be return-
able and taken to said court.   It shall have no jurisdiction
in civil cases, except in those on behalf of the People, and
incident to such criminal or *quasi* criminal matters, and to
dispose of unfinished business.   The terms of said Criminal
Court of Cook county shall be held by one or more of the
judges of the circuit or Superior courts of Cook county, as
nearly as may be, in alternation, as may be determined by
said judges or provided by law.   Said judges shall be *ex officio*
judges of said court."

When the constitution of 1870 was adopted, there existed
in Chicago a court known as a "Recorder's Court."   The first
section of the act creating the Recorder's Court declared that
there should be established, in the city of Chicago, an infe-
rior court of civil and criminal jurisdiction, which should be
a court of record, by the name of the "Recorder's Court of
the City of Chicago," and should have concurrent jurisdiction
within said city, with the circuit court, in all criminal cases
except treason and murder, and of civil cases where the
amount in controversy should not exceed $100.   By a subse-
quent act it was provided that the inferior courts which were
then or might thereafter be established in the cities in this
State, should have concurrent jurisdiction with the circuit
courts in all civil and criminal cases, except in cases of mur-
der and treason, and that the rules of practice in such inferior
courts should conform to the rules of practice in the circuit
courts.   Scates' Stat. 671.

These provisions of the law show the character and juris-
diction of the Recorder's Court when the constitution of 1870
went into effect.   While, in form, the Recorder's Court was
continued, yet its name was changed ; its territorial jurisdic-
tion extended from the boundaries of the city of Chicago to
those of the county of Cook ; its criminal jurisdiction was
enlarged to include treason and murder, and its jurisdiction,
in cases purely civil, was abolished.

In *Mitchell* v. *People*, 70 Ill. 138, in speaking of this court, we said: "The Criminal Court of Cook county is of the same class or grade as the circuit courts of the State, and has the same jurisdiction and powers in criminal cases." But while this court was raised to the grade of a circuit court, and section 26 expressly declares that "it shall have the jurisdiction of a circuit court in all cases of criminal and *quasi* criminal nature arising in the county of Cook," we find nothing that confers exclusive jurisdiction, in such cases, on the court. If it had been intended by this section of the constitution to take from the circuit court of Cook county a part of the jurisdiction of that court and confer exclusive jurisdiction on the new court, or Criminal Court, as it is called, it is apparent that different language would have been used to express that intention. The language, "it shall have the jurisdiction of a circuit court in all cases of a criminal and *quasi* criminal nature," means, merely, that it shall have the same jurisdiction as the circuit court, without impairing, in any manner, the jurisdiction of the latter court. The constitution should be so construed as to give effect to all of its provisions, but if section 26 was construed in such a manner as to take from the circuit court of Cook county, jurisdiction in criminal and *quasi* criminal cases, the effect would be that the circuit court in Cook county would have one jurisdiction while the circuit courts outside of Cook county would have another, thus nullifying that principle of uniformity enjoined by section 29 of article 6, heretofore cited. We do not believe that the framers of article 6 of the constitution, or the people who adopted it, ever intended to establish one judicial system, as respects circuit courts, for Cook county, and a different system for the balance of the State; but, on the other hand, we think the intention was to establish one system for the whole State, uniform in its operation. The Criminal Court of Cook county is held by a circuit judge, and is, in effect, a circuit court with criminal jurisdiction.

We are not unmindful of the fact that section 2 of division 10, of the Criminal Code, provides that the Criminal Court of Cook county shall have exclusive original jurisdiction of all criminal offences in the county of Cook; but this statute can have no bearing on the case. The jurisdiction of the circuit courts, so far as conferred by the constitution, can not be taken away, nor can it be changed or abridged by an act of the legislature.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr JUSTICE MULKEY, dissenting:

Being unable to concur in the conclusion or reasoning of the majority of the court in the foregoing opinion, I feel it due to myself, in view of the importance of the questions involved, to state, somewhat at length, the grounds of my dissent.

The plaintiff in error, Samuel Berkowitz, brought an action on the case in the circuit court of Cook county, against the defendants in error, John Lester and Charles Schwartz, to recover certain penalties alleged to have been incurred under section 132, division 1, of the Criminal Code, relating to gaming. On motion of the defendants, this suit was dismissed, on the ground that under the constitution of this State the circuit court of Cook county has no jurisdiction in this class of cases. The plaintiff thereupon sued out this writ of error.

The simple question presented by the record for determination is, has the circuit court of Cook county jurisdiction of the subject matter of the suit in an action to recover a penalty. The answer to this question involves a construction of the several provisions of the constitution, which confer or limit jurisdiction of the circuit court of Cook county.

That all circuit courts outside of Cook county have jurisdiction in a case like this, is not questioned. On the other hand, it can not be denied that the judicial system provided

by the constitution for Cook county, differs in some essential particulars from that which is provided for the State at large outside of Cook county, and the contention of defendants in error is, that the provisions of that instrument giving rise to this diversity in the two systems, operate as a limitation on the jurisdiction of the circuit court of Cook county, to the extent of depriving it of jurisdiction "in all cases of a criminal and *quasi* criminal nature." Without such limitation it is clear the court, under section 2, article 6, of the constitution, would have jurisdiction in such cases. The case in hand is clearly one of a *quasi* criminal nature. Indeed, this is fully settled by the decisions of this court. (*Naylor* v. *City of Galesburg*, 56 Ill. 285; *Wiggins* v. *City of Chicago*, 68 id. 372; *Tully* v. *Northfield*, 6 Bradw. 356.) Such being the case, it logically follows, that if the position of the defendants in error is correct, the circuit court ruled properly in holding that it was without jurisdiction, and in dismissing the suit for that reason.

Whether this contention of defendants in error is well founded or not, presents a constitutional question, the solution of which can not, it is clear, be materially affected by any statutory provisions relating to the subject, for whatever jurisdiction the circuit courts of this State have, whether in or outside of Cook county, is derived directly from the constitution, and consequently it is not within the power of the legislature to deprive them of any portion of it. While it is altogether proper for the judiciary, in doubtful cases, to adopt the construction which a coördinate branch of the government has placed upon a statutory or constitutional enactment, yet I am of opinion there is no such doubt in this case as to call for an application of that principle.

Section 1, article 6, of the constitution, relating exclusively to the judical department of government, is as follows: "The judicial powers, *except as in this article is otherwise provided*, shall be vested in one Supreme Court, circuit courts, county

courts, justices of the peace, police magistrates, *and such courts as may be provided by law in and for cities and incorporated towns.*" The concluding portion of this section clearly has no reference to any court then existing or created by the constitution, but to such courts only as the legislature may, under the constitution, establish in cities and incorporated towns. On' the other hand, any court created or whose existence was continued by the constitution itself, and not found in the enumeration in that section, is necessarily embraced in the exception contained in the introductory part of the section. As falling within the exception, may be mentioned the Superior and Criminal Courts of Cook county, which are respectively provided for in sections 23 and 26.

The 12th section, already adverted to, provides that "circuit courts shall have original jurisdiction in all cases in law and equity, and such appellate jurisdiction as is or may be provided by law." This section, unaffected by other provisions of the constitution, would be clearly sufficient to have given the court below jurisdiction of this case. But, as above stated, the claim is, that said section is materially modified and limited by other sections of the constitution, especially the 26th section, which will be particularly considered further on. Sections from 23 to 28 inclusive, are occupied exclusively with matters pertaining to the judicial system in Cook county.

The 23d section declares, that the county of Cook shall be one judicial circuit; that the circuit court of that county shall consist of five judges, until their number shall be increased as therein provided; that the judge of the Recorder's Court and the judge of the circuit court shall be two of such judges. Said section also continues the Superior Court of Chicago, and changes its name to that of Superior Court of Cook county; provides for the election and fixes the term of office, not only of the Superior Court judges, but of the circuit court judges also, notwithstanding the election and

term of office of the circuit judges for the State generally, had already been provided for in sections 13 and 14. The same is true of the clerks of these courts.

By the 24th section each of the judges of both of these courts is clothed with the power of a circuit judge, and is authorized to hold not only the court of which he is a member, but the other court also, or any branch of · either of said courts.

By the 25th section the circuit judges of Cook county may, when authorized by law, receive compensation in addition to that authorized to be paid to other circuit judges outside of Cook county. The same diversity exists even as to justices of the peace and police magistrates. They are required to be appointed by the Governor, on the recommendation of the judges of the circuit, Superior and county courts, and are not elective, as they are outside of Cook county.

These provisions, all considered, clearly show that the judicial system for Cook county has received separate and distinct treatment in the constitution, and in the main is a complete system of itself. Keeping this in view when considering the distribution of jurisdiction and powers among the courts which the constitution has provided for Cook county, there is certainly much force in the claim that the criminal and *quasi* criminal jurisdiction conferred upon the Criminal Court was intended by the framers of the constitution to be exclusive. It must also be admitted that this conclusion is greatly strengthened by the 26th section, article 6, of the constitution. That section is as follows:

"Sec. 26. The Recorder's Court of the city of Chicago shall be continued, and shall be called the 'Criminal Court of Cook county.' It shall have *the* jurisdiction of a circuit court *in all cases of criminal and quasi criminal nature*, arising in the county of Cook, *or that may be brought before said court pursuant to law;* and all recognizances and appeals taken in said county in criminal and *quasi* criminal cases, shall be return-

able and taken to said court. It shall have no jurisdiction in civil cases, except in those on behalf of the People, and incident to such criminal or *quasi* criminal matters, and to dispose of unfinished business. The terms of said Criminal Court of Cook county shall be held by one or more of the judges of the circuit or Superior courts of Cook county, as nearly as may be, in alternation, as may be determined by said judges or provided by law. Said judges shall be *ex officio* judges of said court."

Several matters appearing on the face of this section are to be carefully noted. First, it will be observed the existence of the "Recorder's Court" is recognized, and is declared continued as a part of the new order of things. It is then given a new name, and, by implication, deprived of its old one. Henceforth it is to be known and called the "Criminal Court of Cook county."

Next in order, the jurisdiction which it is thereafter to exercise, is specifically determined and declared in these words: "It shall have the jurisdiction of a circuit court in all cases of a criminal and *quasi* criminal nature, arising in the county of Cook, or that may be brought before said court pursuant to law." Here, the question arises, whether the framers of the constitution intended, by the use of these words, that the jurisdiction conferred by them should be exclusive, or whether they intended it should be merely concurrent with that of the circuit and Superior courts. If they intended it should be exclusive, the legal effect of it was, of course, to deprive the circuit and Superior courts of Cook county of all criminal and *quasi* criminal jurisdiction. If the operative words conferring jurisdiction are alone to be looked to for the purpose of ascertaining the intention of the framers of the constitution, I concede there is nothing in them to justify the conclusion that the jurisdiction thus conferred was intended to be exclusive. But there are other important provisions found

in this section, which must be taken into account in determining the question.

After having defined the jurisdiction of the court in the manner we have seen, it is then declared, that "*all recognizances and appeals taken in said county in criminal and quasi criminal cases, shall be returnable and taken to said court.*" This important provision is immediately followed by another, which strips the Criminal Court of jurisdiction in all future civil cases, except those on behalf of the People, and *incident* to such criminal and *quasi* criminal matters. Here, then, is a court established for the sole purpose of transacting therein criminal and *quasi* criminal business, and the question recurs, was it intended that all such business arising in Cook county should be transacted therein? If not, why are all appeals and recognizances in such cases required to be taken to and made returnable in that court? It is not perceived how this requirement of the constitution is to be given effect if it was the intention, that, notwithstanding that provision, the circuit and Superior courts should still retain jurisdiction in that class of cases. The very idea that a court into which no recognizance could be lawfully returned would be able to exercise general criminal jurisdiction under the laws of this State, seems to involve an absurdity which I am not prepared to impute to the framers of the constitution.

It is also to be noted, that by the 23d section the judge of the Recorder's Court is converted into a judge of the circuit court, and that by the 26th section now under consideration, the terms of the Criminal Court are required to be held in rotation by the judges of the circuit and Superior courts. So we have here a court,—a mere legal entity,—with its jurisdiction prescribed, without any judge of its own to preside over it,—a court whose powers and functions, though limited to criminal and *quasi* criminal business exclusively, can only be exercised and performed through the instrumentality of a

judge of the circuit or Superior courts. The duties and services of the judge, when thus occupied, are, of course, entirely suspended, so far as the court of which he is judge is concerned. This would all seem well enough upon the hypothesis that the same class of business could not be lawfully done in his own court; but upon the hypothesis it could be, it is not perceived what useful purpose can be subserved by the establishment of the Criminal Court. The effect of the system, upon the latter theory, is simply to stop one court to enable its judge to do business in another that might just as well be done in his own.

If the Criminal Court had been provided with a judge of its own, it might be urged, with some degree of plausibility, that although its jurisdiction is concurrent with the circuit and Superior courts, it nevertheless affords additional facilities for the prompt disposition of legal business. But as no business whatever can be done in this court without withdrawing a judge, for that purpose, from one of the other courts, there would seem to be no just foundation for even this claim. It is clear that the judge, for the time thus occupied in the Criminal Court, would be able to discharge the same amount of like business in his own court, so that, upon this view, there is certainly nothing gained by the establishment of the Criminal Court. On the hypothesis that its jurisdiction is concurrent, merely, about the only effect it could have would be to retard, rather than facilitate, legal business, and add largely to the expenses and burthens of the people who maintain it. In short, there seem to be so many apparently insuperable objections to this view, that I can not accept it as the correct one.

While the constitution is not as explicit on the subject as it might be, yet, upon the whole, I think there is little or no room to doubt that the makers of that instrument intended that the jurisdiction conferred upon the Criminal Court should be exclusive.

Many other reasons might be added to those already stated, in support of this conclusion, but in view of the apparently insuperable difficulties that lie in the way of adopting the opposite theory, what has already been said is deemed sufficient. It only remains to notice a few of the objections which are urged by counsel against the conclusion reached by the court below, and in which I fully concur.

First, it is supposed and claimed by counsel to be inconsistent with sections 1, 2 and 3, division 10, of the Criminal Code. This, I think, is an entire misapprehension. The sections in question are as follows:

"Sec. 1. The circuit courts of the several counties, except of the county of Cook, shall have exclusive original jurisdiction of all criminal offences, *except as otherwise provided by law.*

"Sec. 2. The Criminal Court of Cook county shall have exclusive original jurisdiction of all criminal offences in the county of Cook, except such as is conferred upon justices of the peace, and appellate jurisdiction from justices of the peace.

"Sec. 3. All offences cognizable in the said courts shall be prosecuted by indictment."

Nothing is perceived in these sections of the statute, nor has anything been suggested, which is inconsistent with the construction above given to section 26 of the constitution. On the contrary, they are a mere legislative construction of the constitution, which was simply followed by the lower court in this case.

It is suggested by counsel, that if the present suit had been brought in the Criminal Court, instead of the circuit court, he would have been confronted with section 3, above cited, which declares that "all *offences* cognizable in said court shall be prosecuted by indictment," and as the penalties sued for in this case can only be recovered, under the statute, in an action on the case, and not by indictment, the action, therefore, would necessarily have failed. The trouble with counsel's

8—121 ILL.

logic is in assuming that a case of a *quasi* criminal nature, in the sense of the constitution, is a criminal offence, within the meaning of the 3d section. In fact, the very contrary of this is true. Thus, it is said in *Wiggins* v. *City of Chicago*, 68 Ill. 372, where this very question was under consideration: "When the entire section,"—that is, the 26th section of the constitution, *supra*,—"is considered in the light of our jurisprudence, we must conclude that it was intended to embrace all offences *not crimes*, but that are in the nature of crimes." To the same effect is *Tully* v. *Northfield*, 6 Bradw. 356. On the other hand, the word "offences," as used in section 3, division 10, of the Criminal Code, means criminal offences, as specified in the preceding section, and therefore includes all crimes and misdemeanors.

It may be true, and doubtless is, as claimed by counsel, that in some instances, the circuit and Superior courts have assumed jurisdiction in cases like the present, and that they have, when unchallenged, passed through this court. But this is a matter of no consequence, so far as the present inquiry is concerned. The question here is, what has this court decided on the subject. A question, though involved in a case, if not raised in the argument or passed upon by a court of review, can certainly have no controlling influence in determining the question when directly presented. In short, I do not think any of the objections urged are tenable.

For the reasons stated, I have no doubt of the correctness of the decision of the court below.

I am authorized to state that Mr. Justice MAGRUDER concurs in the general view here presented.