### HENRIKKA BRATSCH

*v.*

### THE PEOPLE, for use of State Board of Health.

*Opinion filed February 21, 1902.*

1. JURISDICTION—*when Supreme Court has jurisdiction of appeal.* The Supreme Court has jurisdiction, on direct appeal, where the question for decision is whether the criminal court of Cook county has exclusive jurisdiction of appeals from judgments of justices of the peace in criminal or *quasi* criminal cases, since the decision of such question involves a construction of sections 26 and 29 of article 6 of the constitution.

2. SAME—*criminal court has exclusive jurisdiction of appeals from justice courts in criminal and quasi criminal cases.* Under section 26 of article 6 of the constitution, which creates the criminal court of Cook county, all appeals from judgments of justices of the peace in criminal and *quasi* criminal cases must go to the criminal court.

3. SAME—*circuit court of Cook county does not have concurrent appellate jurisdiction with the criminal court.* The fact that the original jurisdiction of the circuit and criminal courts of Cook county in criminal and *quasi* criminal cases is concurrent under section 29 of article 6 of the constitution, does not make their appellate jurisdiction in such cases concurrent, since appeals are only statutory.

4. CONSTITUTIONAL LAW—*special provision controls general provision.* Where there is a general and a special provision of the constitution relating to a subject the special provision will control.

5. PRACTICE—*question not passed upon by court of review has no controlling force.* A question, though involved in the case, if not raised in the argument or passed upon by the court of review, has no controlling force when the same question is again directly raised in that court for decision.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

SAMUEL W. PACKARD, for appellant.

H. J. HAMLIN, Attorney General, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a prosecution commenced before a justice of the peace of Cook county against the appellant to recover a penalty for practicing as a midwife without a

license, in violation of section 9 of chapter 91 of our statutes. (Hurd's Stat. 1899, p. 1145.) The justice found appellant guilty and imposed upon her a fine of $100, and she appealed to the circuit court, which court dismissed the appeal upon the ground that the appeal should have been taken to the criminal court of Cook county, and a further appeal has been prosecuted by her direct to this court.

A motion has been made to dismiss the appeal for want of jurisdiction, which has been reserved. We are of the opinion that a decision of the question whether the criminal court of Cook county has exclusive jurisdiction of appeals from judgments of justices of the peace in Cook county in criminal and *quasi* criminal cases involves a construction of sections 26 and 29 of article 6 of the constitution, and that by reason thereof this court has jurisdiction of this appeal. The motion to dismiss the appeal will therefore be denied.

It is insisted by the appellant that the circuit and criminal courts of Cook county have concurrent jurisdiction of appeals from judgments of justices of the peace of Cook county in criminal and *quasi* criminal cases, while the appellee contends that the jurisdiction of the criminal court is exclusive. Section 26 of article 6 of the constitution, which creates the criminal court of Cook county, provides "all recognizances and appeals taken in said county, in criminal and *quasi* criminal cases, shall be returnable and taken to said court." That this case is *quasi* criminal in its nature is clearly settled by the decisions of this court, (*Naylor* v. *City of Galesburg*, 56 Ill. 285; *Wiggins* v. *City of Chicago*, 68 id. 372;) and it would seem to necessarily follow that the appeal in this case should have been taken to the criminal and not to the circuit court of Cook county.

It is, however, said that under section 29 of article 6 of the constitution the jurisdiction of all courts of the same class or grade must be uniform, and it is urged that

as this court in *Berkowitz* v. *Lester*, 121 Ill. 99, held that the original jurisdiction of the circuit and criminal courts of Cook county in criminal and *quasi* criminal cases is concurrent, it logically follows that their appellate jurisdiction must be concurrent in such cases. In this view we do not concur. Appeals can only be taken when and in the manner provided by law, (*In the matter of Storey*, 120 Ill. 244; *Ellison* v. *Hammond*, 189 id. 470;) and it having been expressly provided that all appeals in Cook county in criminal and *quasi* criminal cases shall be taken to the criminal court, appeals to the circuit court of said county in that class of cases are thereby prohibited. Furthermore, the provision of the constitution providing for appeals in criminal and *quasi* criminal cases in Cook county to the criminal court of said county is special, while the provision providing that the jurisdiction of all courts of the same class and grade shall be uniform is general, and the law is well settled that where there is a general and special provision of the constitution which include a particular subject, the special provision will control. *People* v. *Rose*, 166 Ill. 422; *People* v. *Hutchinson*, 172 id. 486.

That the circuit court of Cook county may have, in some cases similar to this, assumed jurisdiction, and that such cases, without challenge, passed through this court, is a matter of no consequence, so far as the present inquiry goes. A question, though involved in the case, if not raised in the argument or passed upon by the court of review, has no controlling force when the question is directly presented to that court for determination.

The appeal should have been taken to the criminal court of Cook county, and the circuit court did not err in dismissing the appeal. The judgment of the circuit court will therefore be affirmed.     *Judgment affirmed.*