## Pennsylvania Company v. City of Chicago.

### Gen. No. 11,086.

1. VENUE ACT—*section 36 construed.* This section, which pertains to changes in causes which have been commenced in the wrong court, does not apply to causes originating before justices of the peace and in which appeals have been taken to courts of record.

Action for penalty commenced before justice of the peace. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 22, 1904.

WALKER & RAPHAEL, for appellant; GEORGE WILLARD, of counsel.

HOWARD S. TAYLOR and GEORGE H. KRIETE, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

Before a justice of the peace of this county, appellant was found guilty and fined $15 for having violated sections 1046 and 1047 of the municipal code of appellee, known as the "smoke ordinance." From this judgment appellant appealed to the County Court, where, upon appellee's motion, the appeal was dismissed for want of jurisdiction. Before the dismissal appellant entered its motion for a change of venue from the County Court to the Criminal Court of Cook county, but this motion was denied and exception duly taken. From the rulings of the County Court a further appeal is taken to this court.

Appellant does not claim that the County Court had jurisdiction of the appeal from the justice, but that it erred in refusing the change of venue asked for. To this change appellant claims to have been entitled under the following section of the Venue Act (Hurd's 1903 edition of the Rev. Stat., sec. 36, ch. 146):

" That wherever (whenever) any suit or proceeding shall hereafter be commenced, in any court of record in this state, and it shall appear to the court where the same is pending, that the same has been commenced in the wrong court or county, then upon motion of either or any of the parties to such suit or proceeding, the court shall change the venue of such suit or proceeding to the proper court or county, and the same when the venue shall be so changed, shall be then pending and triable in such court or county to which the same shall be so changed, the same as in other cases of change of venue: provided, that where either party to such suit or proceeding shall procure the change of venue as herein provided for, that the court shall require the plaintiff in said suit to pay all costs in such suit or pro-

ceeding up to and including the costs of the change of venue except such costs, if any there are, as shall have been made or occasioned by a plea or pleas to the merits and a trial thereon, if any such shall have been had or made, and such costs, if any, caused by a plea or pleas to the merits and trial thereon, shall abide the final result of such suit or proceeding the same as in other cases of change of venue."

The contention of appellant is that the foregoing section applies not only to suits originally commenced in courts of record, but also to suits brought there upon appeal from justices, and we have been favored with an able and elaborate argument as to the evils existing before the passage of the act and sought to be remedied thereby, and as to the reasons why appeals from justices should be regarded as being within the spirit of the act. The difficulty is that the legislature in passing it seems to have contemplated and had in mind suits originally brought in courts of record and none others. This appears not only from the opening language, "whenever any suit or proceeding shall be commenced in any court of record," but from the proviso that if the change of venue be granted, the *plaintiff* in the suit shall be required to pay all costs "up to and including the costs of the change of venue." Upon an appeal from a justice the cause stands for trial *de novo* in the Appellate Court, and the parties have the same standing in the latter court as if the suit had been originally brought there. Titley v. Koehler, 9 Brad. 537. Sec. 74 of the statute in relation to justices and constables reads: "The plaintiff in the justice court shall be plaintiff in the Appellate Court." If the construction contended for by appellant be adopted and the motion for a change of venue be made—as in this instance—by the defendant, the plaintiff would have to pay the costs occasioned by a mistake of his antagonist in taking an appeal to the wrong court; a result so manifestly unfair and unjust that the legislature cannot have intended it.

The judgment of the County Court is affirmed.

*Affirmed.*