## Moses Salomon, et al., v. Chicago Title & Trust Company, a corporation, Trustee, etc.

### Gen. No. 11,434.

1. CIRCUIT JUDGE—*power to hold court in county other than that of his election.* A circuit court judge is not confined to his own circuit but has power, upon request of a resident judge, to hold court in any county in the state.

2. CHANGE OF VENUE—*when judge granting, may subsequently act in a case.* A judge who has granted a change of venue upon an application not formally made pursuant to statute, may, within the same term, set aside the order granting such change of venue and proceed to hear the case.

3. CHANGE OF VENUE—*when error in vacating order granting, is waived.* Any error in vacating an order granting change of venue is waived where the party complaining of such vacation subsequently caused a re-reference to a master.

4. OBJECTION—*effect in chancery of failure to interpose.* Where an order is entered, a party, subsequently to complain thereof, must have objected thereto.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed July 14, 1904.

SIMEON BAUM and SELDEN FISH, for appellants.

LYMAN, BUSBY & LYMAN, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee, as trustee, filed a bill in the Superior Court to foreclose a trust deed given by Moses Salomon April 5, 1894, to secure his note for $4,000, payable in three years, with interest at six per cent. The bill alleges the maturity of the principal indebtedness and a sale of the premises described in the trust deed for the general taxes of 1893.

Appellant Salomon answered the bill at great length, but the record, which was made "*per præcipe,*" contains no evidence, and the report of the master is lacking. It follows that such answer requires no further notice as to the merits of this suit.

The decree approves and confirms the master's report in all things, finds that all the material allegations in the bill are true and proved, fixes the sum due complainant, and also the amount due to defendant McDonald, and decrees the premises to be sold.

The first point made by appellants is that Judge Patton had no authority to hold a branch court of the Superior Court. The *placita* reads: " Pleas before the Honorable George W. Patton, one of the judges of the Eleventh Judicial Circuit of the State of Illinois, holding a branch court of the Superior. Court of Cook County in the State of Illinois, by the request of the judges of said Superior Court," etc. " Present: The Honorable George W. Patton, judge of the Eleventh Judicial Circuit of the State of Illinois," etc.

It is the settled law that a circuit judge is not confined to his own circuit, but has power, upon request of a resident judge, to hold court in any circuit in the state. Pike v. City of Chicago, 155 Ill. 656. The Superior Court is, in legal effect, a Circuit Court. C. & N. W. Ry. Co. v. C. & E. Ry. Co., 112 Ill. 597; Berkowitz v. Lester, 121 Ill. 99. The *placita* shows that by the request of the judges of the Superior Court Judge Patton was holding court in this circuit. There is nothing in the point.

The second and last proposition of appellants is that when Judge Patton had entered an order changing the venue of this case from himself to Judge Hutchinson of the Superior Court, he lost jurisdiction over the cause, and had no right or power to vacate that order and to proceed with the hearing.

January 15, 1903, the following order was entered: " On motion of solicitor for defendant Salomon, and on suggestion of defendant, it is ordered that a change of venue be and the same is hereby granted to Hon. Jonas Hutchinson, one of the judges of this court." · Five days later this order was entered: " On motion of solicitor for complainant it is ordered that the order heretofore entered on the 15th day of January, 1903, allowing change of venue in

the above entitled cause be and the same is hereby set aside and vacated."

It will be noticed that the order for a change of venue was not founded upon an affidavit setting forth the statutory grounds which make a change imperative. The order was entered upon the motion and "suggestion" of the defendant. Hence, Judge Patton was not disqualified to act in the case. During the same term, and while the case was still pending in the Superior Court, Judge Patton, for reasons not shown, but which must be held to be sufficient, vacated that order. The case then again came before him, and he was authorized to proceed with it. Further, when this second order was made appellants did not object thereto. Questions not mooted during the trial will not be considered upon appeal.

Again, April 6, 1903, on motion of appellants, the judgment entered herein March 14, 1903, was set aside and the cause was referred back to the master in order that they might have opportunity to file additional objections to his report. This action on the part of appellants waived the irregularity, if any there was, in vacating the order granting a change of venue. Johnson v. Von Kettler, 66 Ill. 65; Noyes v. Kern, 94 Ill. 523; Sampson v. People, 188 Ill. 596.

The decree of the Superior Court is affirmed.

*Affirmed.*