Village of Niles, a Municipal Corporation, Appellant,
v. Joseph Szczesny, Appellee.

Gen. No. 47,043.

First District, First Division.

March 12, 1957.

Released for publication May 2, 1957.

Bryant, Colwell & Wells, of Chicago, for appellant.

Wachowski & Wachowski, of Chicago, for appellee; Casimir R. Wachowski, and Joseph L. Cwik, Jr., both of Chicago, of counsel.

JUDGE FRIEND delivered the opinion of the court. Defendant was found guilty by a police magistrate

of the Village of Niles for violation of a fire ordinance (section 1.05, chapter f of the village code) and fined $500 and costs. He appealed to the Superior Court of Cook county, filed bond with the clerk of said court and had summons issued and served on the village pursuant to the provisions of the Justices and Constables Act (Ill. Rev. Stat. 1955, ch. 79, sec. 116). The village filed its appearance and moved to dismiss the appeal. On hearing of the motion, the Superior Court held that it had no jurisdiction to hear an appeal from a police magistrate for violation of a village ordinance which provides a penalty for its violation, but, on motion of the attorneys for defendant, ordered the clerk of the Superior Court to transfer all the files, documents and records in the case to the Criminal Court of Cook county. The village appeals from that portion of the order of the Superior Court ordering the transfer to the Criminal Court, contending that the transfer order was void and of no effect.

██ A suit to recover a penalty for the violation of a city ordinance is a quasi-criminal procedure (Naylor v. City of Galesburg, 56 Ill. 285; Wiggins v. City of Chicago, 68 Ill. 372); accordingly the appeal should have been taken to the Criminal Court of Cook County rather than to the Superior Court.

█ As ground for reversal, plaintiff invokes the provisions of section 26 of article VI of the Constitution of the State of Illinois wherein the various subjects of which the Criminal Court has jurisdiction are set forth in detail; the section provides that "all recognizances and appeals taken in said [Cook] county, in criminal and *quasi* criminal cases, shall be returnable and taken to said court." Plaintiff relies on People v. Feinberg, 348 Ill. 549, and Rabbitt v. Weber & Co., 297 Ill. 491. In the Feinberg case the court held that, under the provisions of section 26 of article VI of the Constitution, judges of the Circuit and Superior

183

Courts of Cook county who are assigned to act as judges of the Criminal Court have exclusive jurisdiction of criminal and quasi-criminal cases, and that where a judge of the Circuit Court, sitting in chancery and not assigned to the Criminal Court, attempts to call a special grand jury and assume jurisdiction of its proceedings, his orders in connection therewith are void and may be wholly disregarded; but that mandamus will not lie to compel such judge to expunge his orders since he has no more jurisdiction to expunge the orders than he has to make them. The Rabbitt case, an appeal from a decree of the Circuit Court, involved as well a consideration of a Municipal Court judgment. The reviewing court stated that "if the municipal court had no jurisdiction to render the judgment, it and all proceedings under it are utterly void . . ."

Defendant, on the other hand, seeks to avail himself of the transfer provisions of section 10 (2) of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110 [§ 10, subd. (2)]) which reads as follows: "Whenever it appears that an action has been commenced in a court which does not have jurisdiction to determine the action, the court shall, at any time, upon its own motion or upon the motion of any party, order the cause transferred to a court of competent jurisdiction in a proper venue." Prior to the enactment of the Civil Practice Act, section 36 of the Venue statute was similar (Smith-Hurd Ill. Rev. Stat. 1931, ch. 146). Defendant argues that the requirement contained in section 26 of article VI of the Illinois Constitution to the effect that appeals taken in the County of Cook in quasi-criminal cases shall be returnable and taken to the Criminal Court of Cook county do not preclude the court to which an appeal is erroneously taken from transferring it to the Criminal Court, pursuant to section 10 (2) of the Practice Act; also, that an action to

184

recover a fine for the violation of a municipal ordinance, when filed in the Superior Court on appeal from a police magistrate, is to be considered as the commencement of an action in that court, and that it is a civil proceeding within the purview of section 1 of the Civil Practice Act. Central Illinois Public Service Co. v. Industrial Commission, 293 Ill. 62, Herb v. Pitcairn, 392 Ill. 138, and other cases cited in defendant's brief are urged as supporting these contentions. These cases, however, involve a consideration of change of venue rather than of jurisdiction, which is the pertinent issue here. Defendant seeks to minimize the constitutional provision that appeals in quasi-criminal cases in Cook county shall be taken to the Criminal Court by arguing that the provision is not self-executing and depends upon the legislature to provide the method and manner of appeal which, he says, has been accomplished by the appeals provision of the Justices and Constables Act; that the contingency of an appeal to a wrong court is not provided for in that act; and that the act does not provide that if such an appeal is taken to a wrong court it must be dismissed; and it is urged that the effect of section 10 (2) of the Civil Practice Act is to give force to the constitutional provision by transferring the appeal to the Criminal Court in accordance with the constitutional requirement. In Bratsch v. People, 195 Ill. 165, the contention was made that the Circuit and Criminal Courts of Cook County have concurrent jurisdiction of appeals from judgments of justices of the peace in criminal and quasi-criminal cases; that under section 29 of article VI of the Constitution jurisdiction of all courts of the same class or grade must be uniform; and it was urged that as the Supreme Court held in Berkowitz v. Lester, 121 Ill. 99, that the original jurisdiction of the Circuit and Criminal Courts of Cook county in criminal and quasi-criminal cases was concurrent, it logically fol-

185

lowed that their appellate jurisdiction must be concurrent in such cases. But the court in the *Bratsch* opinion rejected this view and held that "appeals can only be taken when and in the manner provided by law, (*In the matter of Storey,* 120 Ill. 244; *Ellison* v. *Hammond,* 189 Ill. 470;) and it having been expressly provided that all appeals in Cook county in criminal and *quasi* criminal cases shall be taken to the criminal court, appeals to the circuit court of said county in that class of cases are thereby prohibited. Furthermore, the provision of the constitution providing for appeals in criminal and *quasi* criminal cases in Cook county to the Criminal Court of said county is special, while the provision providing that the jurisdiction of all courts of the same class and grade shall be uniform is general, and the law is well settled that where there is a general and special provision of the constitution which include a particular subject, the special provision will control. *People v. Rose,* 166 Ill. 422; *People v. Hutchinson,* 172 Ill. 486." See also Wadhams v. Hotchkiss, 80 Ill. 437, and Natenberg v. Solak, 174 Ill. App. 443.

Pennsylvania Co. v. City of Chicago, 113 Ill. App. 638, presents a situation parallel to the instant proceeding. It arose on an appeal from a judgment of a justice of the peace who found the corporation guilty of violating the "smoke ordinance" of the City of Chicago. The appeal was taken to the County Court of Cook county where, upon the city's motion, it was dismissed for the reason that that court had no jurisdiction of the appeal. There, too, it was admitted that the County Court had no jurisdiction, but it was urged, as in the present proceeding, that the court erred in refusing the change of venue asked for. The corporation contended that section 36 of the Venue Act then in force (Hurd's 1903 edition of the Revised Statutes, ch. 146) applied not only to suits originally commenced

186

in courts of record but also to suits brought there upon appeal from justices. The court rejected this interpretation of the section, saying that "the difficulty is that the legislature in passing it seems to have contemplated and had in mind suits originally brought in courts of record and none others," and affirmed the trial court's denial of a change of venue to the Criminal Court and the dismissal of the suit. So far as we are able to ascertain, the Pennsylvania Company case has never been reversed.

Accordingly, we have reached the conclusion that the judgment of the Superior Court, so far as it directs the transfer of the case to the Criminal Court of Cook county, should be reversed, and the cause remanded to the Superior Court, with directions to dismiss the appeal from the police magistrate of the Village of Niles; it is so ordered.

Judgment reversed and cause remanded with instructions.

NIEMEYER, P. J. and BURKE, J., concur.