**Village of Niles, a Municipal Corporation, Appellant, v. Joseph Szczesny, Appellee.**

**Gen. No. 47,454.**

First District, Third Division.
November 5, 1958.
Rehearing denied November 13, 1958.
Released for publication December 3, 1958.

Bryant, Colwell & Wells, for appellant.

Wachowski & Wachowski, of Chicago (Casimir R. Wachowski, of counsel) for appellee.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Defendant was found guilty by a police magistrate of the Village of Niles of violating a fire ordinance and fined $500 and costs. He appealed to the Superior Court of Cook County; the village filed its appearance and moved to dismiss the appeal. On hearing of the motion, the Superior Court held that it had no jurisdiction to hear an appeal from a police magistrate for violation of a village ordinance providing a penalty for its violation, but, on motion of counsel for defendant, ordered the clerk of the Superior Court to transfer the case to the Criminal Court of Cook County. The village thereupon appealed to the Appellate Court from that portion of the order of the Superior Court transferring the case to the Criminal Court, contending that the transfer order was void and of no effect. Our opinion, Niles v. Szczesny, 13 Ill.App.2d 182, recites the facts and discusses the respective contentions of counsel, thus making it unnecessary to restate them here. We held that since the appeal from the police magistrate was taken to the Superior Court, which admittedly had no jurisdiction to hear and determine the questions involved, the case should have been dismissed.

After our opinion was filed, defendant took an appeal to the Supreme Court which held (13 Ill.2d 45) that since the order of transfer from the Superior Court to the Criminal Court did not dispose of the rights of the parties upon the merits it was not a final order, that the Appellate Court was without jurisdiction to entertain the appeal, and that the motion to dismiss the appeal in the Appellate Court should have been allowed. The concluding paragraph of the Su-

preme Court opinion reads as follows: "Since the cause has already been transferred to the Criminal Court of Cook County, no useful purpose will be achieved by remanding it to the Superior Court. For the reasons given, the judgment of the Appellate Court is reversed, and the cause is remanded to the Criminal Court of Cook County."

Thereafter the matter came on for hearing in the Criminal Court, where a motion for dismissal was made by plaintiff based upon the same contentions made in support of the motion to dismiss in the Superior Court. The Criminal Court denied plaintiff's motion, but it sustained defendant's motion to dismiss the complaint and ordered that he "be and he hereby is DISCHARGED and go hence without day."

■ ■ ■ In holding that the case had already been transferred by the Superior Court to the Criminal Court, the Supreme Court gave implicit approval to the jurisdiction of the Superior Court to transfer the case, an approval which it confirmed by remanding the case to the Criminal Court. The Supreme Court was evidently of the opinion that there was a proceeding pending which could be transferred and, impliedly at least, approved the transfer. We assume that the order of the Criminal Court discharging defendant was a final disposition of the case on the merits, although the transcript of proceedings, consisting of only two pages, does not show that any evidence was adduced upon the hearing. Accordingly, the order and judgment of the Criminal Court is affirmed.

Order and judgment affirmed.

BRYANT and BURKE, JJ., concur.