Treat, C. J. Dazey and Shepherd brought an action against Gallimore, before a justice of the peace. The constable made return, that he was satisfied the defendant evaded service of the summons, and he “therefore served the same on the said Gallimore, by leaving a written copy at his place of residence, with old Mrs. Gallimore.” On the 16th of August, 1847, the justice rendered a judgment by default against the defendant for $46. On the 10th of February, 1848, the defendant obtained an order for a certiorari, to remove the cause into the Circuit Court, and filed a bond as in the case of an appeal. He swore, in his petition for the certiorari, that he was absent from the state, at the time of the commencement of the suit before the justice, and continued absent until more than twenty days had elapsed after the judgment was recovered, and that in the meantime, he had no knowledge or information of the pendency of the suit, or of the rendition of the judgment, and he could not, therefore, have taken an appeal in the ordinary way; and that he was not indebted to the plaintiff on any account whatever. A supersedeas was issued, and served on the justice. No writ of certiorari was ever issued. A certified transcript of the proceedings before the justice was filed in the Circuit Court, on the 19th of May, 1848. In May, 1849, the surviving plaintiff appeared and entered a motion to dismiss the proceeding, which the Court sustained. That decision is now assigned for error. The statute allows a party, under certain circumstances, to remove a cause from a justice of the peace to the Circuit Court, by cet'iiorari, within six months after the rendition of, the judgment. He is required to set forth and show on oath, that the judgment was not the result of negligence on Ms part; that the same, in his opinion, is unjust and erroneous, specifying wherein the injustice and error consists; and that it was not in his power to take an appeal in the ordinary way, stating the particular circumstances that prevented him from so appealing. The officer allowing the certiorari, is required to endorse an order to that effect on the petition; and on the filing of the same in the Circuit Court, together with a bond conditioned as in the case of an appeal, a writ of certiorari is to be issued. The writ commands the justice to certify into the Circuit Court, a transcript of the proceeding had before him; and upon the return of the writ, the cause is to be proceeded with as in cases of appeal. E. S., Ch. 59, Sec. 72 to 74. The Circuit Court erred in sustaining the motion to dismiss. The petition showed a case clearly within the letter and spirit of the statute. The defendant was absent from the state, when the action was commenced before the justice, and did not return, until the time allowed for an appeal had expired. During his absence, he had no actual notice of the pendency of the suit, or of the existence of the judgment, and he was not the debtor of the plaintiffs. If all this was true, and it must be so considered for the purposes of tMs case, he had a clear right to the remedy by certiorari. The judgment was not the result of negligence; it was wholly unjust; and it was out of his po^yer to have it reviewed in the Circuit Court in the usual mode. He had a defence on the merits, and no opportunity to interpose it. The statute was intended to provide for just such cases. It seems to be the design of the statute that every party, against whom a judgment has been rendered by a justice of the peace, may have the case re-heard in the Circuit Court. It accordingly allows an appeal in every case, except on a judgment confessed, provided the same is taken within twenty days from the date of the judgment. And where a party can show that injustice has been done him, not attributable to his own laches, and that he could not, by the exercise of extraordinary diligence, perfect an appeal within the twenty days, he is permitted to avail himself of the privilege of a re-hearing, at any time within six months. It is insisted, however, that the issuing of a writ of certiorari, within the six months, is necessary to invest the Circuit Court with jurisdiction of the case. We think otherwise. It is the filing of the petition, with an order allowing a certiorari endorsed thereon, and an appeal bond approved by the clerk, which gives the Court jurisdiction. The case is from that time pending in the Circuit Court. The statute permits a party to take an appeal, by.entering into an appeal bond before the justice, and the latter is thereupon required to file the bond and the papers of the case, in the Circuit Court, within twenty days thereafter. Under this provision, it was decided, in the case of Little v. Smith, 4 Scam., 400, that the case was properly pending in the Circuit Court, from the time of the approval of the bond by the justice, although the papers were not sent up within the time required by law; that it was the giving of the bond by the party, and not the filing of the papers by the justice, which perfected the appeal, and conferred the jurisdiction. It was held, in the case of Owens v. McKethe, 5 Gilman, 79, that an appeal to this Court was perfected, by the filing of the appeal bond with the clerk of the Circuit Court. Those cases are not different in principle, from the one under consideration. The only office of the writ of certiorari is to bring up the papers of the case, and a transcript of the proceedings had before the justice, to be used on the trial in the Circuit Court. The trial is to be de novo, as in cases of appeals; and not upon the return of the inferior tribunal, as in common law cases of certiorari. The only command of the writ to the justice, is to certify and transmit the papers and proceedings of the case. He is not required to make any formal return to the writ. His only duty is to send up the papers and proceedings. The writ is directed to the sheriff, and is served and returned by him. If its mandate is not complied with, the sheriff’s return of service is a sufficient foundation for an attachment against the justice. Where the papers and a transcript of the proceedings are filed, the issuing of a certiorari is wholly unnecessary. The object of the statute is then fully answered, and the law will not require the performance of an unnecessary act. It is like the case of a writ of error from this Court, which is never sent out, where the plaintiff in error files a transcript of the record in the first instance; and like the case of the suggestion of a diminution of the record in a case before this Court, where a certiorari is not sent down to the keeper of the record, if either party will supply the defect, by filing a complete record. All that the appellee can require is, that he shall not be delayed in the trial of the case, by the neglect of the appellant to have a certiorari issued. If, when he appears, the papers of the case are in Court, no matter how they came there, he has no cause for complaint. In this case, the necessary papers were on file long before the plaintiff entered the motion to. dismiss, or even appeared in the case. There was no occasion for a bill of exceptions to the decision of the Court, dismissing the suit. The motion was based on facts appearing in the record. The judgment is reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.