## ALVIN S. WADHAMS

### *v.*

## FRANCILIA M. HOTCHKISS.

1. JUSTICE OF THE ¦PEACE — *amendment of summons.* The statute authorizing justices of the peace, at any time before trial, to amend the summons and other papers in the case, so as to make them conform to the true names of the parties, does not require the justice to make a record showing a request so to do, and by whom made; nor does it require that the request shall be in writing, and preserved with the papers.

2. Where such a change is made as to the name of a party, by the justice, it will be presumed it was made before the trial and upon request, especially where a trial is had upon the merits, and the record fails to show any objection to the change.

3. APPEAL—*practice when papers are sent to wrong court.* Where a party to a judgment rendered by a justice of the peace of Cook county appeals to the Superior Court, and the appeal bond recites such fact, if the papers by mistake are filed in the circuit court and there docketed, this will not give the latter court jurisdiction, and a transfer of the papers by the clerk to the Superior Court, and its trial there, will not be erroneous. The more regular course is for the circuit court to strike the case from its docket.

4. SUPERIOR COURT OF COOK COUNTY—*branch held by a circuit judge.* There is no objection to one of the circuit judges of the State holding a branch of the Superior Court of Cook county, and that more than three branches thereof are held at the same time.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action by Francilia M. Hotchkiss against Alvin S. Wadhams. The opinion of the court gives a sufficient statement of the case for an understanding of the points discussed and decided.

Mr. HENRY C. WHITNEY, for the appellant.

Mr. R. W. BRIDGE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This suit was originally commenced before a justice of the peace of Cook county. Appeal was prayed from the judgment there rendered, to the Superior Court of Cook county, where judgment was given in favor of the plaintiff, from which this appeal is prosecuted.

We think the statute, itself, furnishes a complete answer to the objection urged in consequence of the change of the name of the plaintiff before the justice of the peace. It provides: " the justice may, at the request of either party, at any time before the trial, amend the summons and other papers in the case, so as to make the same conform to the true names of plaintiff and defendant; but this section shall not be construed to allow any proceeding against a person not served with process and not appearing." (Gross' Stats. of 1872, p. 238, § 38.)

The law does not require that the justice of the peace shall make a record showing a request, and by whom made; nor does it require that the request shall be in writing and preserved with the papers in the case. It is sufficient that he does make the change in the name of the party, when requested by either party. Here, he made the change, and the record of the judgment being in the name to which the change was made, authorizes the presumption that it was done before the trial. The appellant appeared, and contested the case upon its merits, without, so far as the record shows, making any objection to the change in the name of the plaintiff, and recovered judgment against her for $1. We must presume the change was by her request; and she had the unquestioned right to appeal from the judgment thus rendered against her.

Opinion of the Court.

The appeal was prayed to the Superior Court of Cook county, and so the bond was, which was filed with the justice; but oy some inadvertence, the papers were filed in the office of the circuit clerk, and the case was docketed on the record of that court. When the mistake was discovered, the circuit court ordered that the case be transferred to the Superior Court, which was accordingly done, and the case was then docketed in that court.

It is insisted, the circuit court acquired jurisdiction of the case, by the filing of the papers in that court. We do not concur in this view. The law gave appellee the right to select which court she would appeal to, and having made the selection, both parties were bound by it. Appellant should have followed the appeal to the Superior Court, and he was under no obligation to look after it elsewhere.

The case is very different from the one supposed by counsel, where suit is commenced and *jurisdiction acquired* by the court. There was *no jurisdiction* here, in the circuit court, because the appeal was to a different court, and the papers were filed there by mistake. No summons was issued, or was necessary; and no steps were taken by appellee, which can be held to have estopped her from having the case tried in the Superior Court.

It would probably have been more regular for the circuit court simply to have stricken the case from its docket, when appellee could have filed the papers in the Superior Court; still, the course pursued, practically, amounts to the same thing. The court disavowed its jurisdiction, parted with all control over the case, and jurisdiction was taken by the proper court.

The objection that Judge Sibley could not hold a branch of the Superior Court is not tenable. He was one of the circuit judges of the State, and we have elsewhere held, it was competent for them to hold terms of the Superior Court, and that it is not objectionable that more than three branches thereof are being held at the same time.

*Judgment affirmed.*