Woodhull v. Kelly.

Reversed and remanded.

Lute R. Woodhull

v.

Margaret Kelly.

APPEAL FROM A JUSTICE—DISMISSAL.—Where an appeal from a justice is taken by filing a bond with the clerk of the appellate court, that court has no jurisdiction to enter an order requiring the surety on the appeal bond to

justify, and in default thereof to dismiss the appeal, unless a transcript of the proceedings before the justice has been filed, and there has been service of summons or the voluntary appearance of the appellee ten days before the commencement of the term at which such action is taken.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 25, 1880.

Mr. C. STUART BEATTIE, for appellant; that it was error to order bail to justify without sufficient proof of insolvency of the surety, cited Petillon v. Gillman, 86 Ill. 401.

Without a transcript filed, the court had no jurisdiction: Rev. Stat. 1874, 648; Baines v. Kelley, 73 Ill. 181; Reed v. Driscoll, 84 Ill. 97.

Appellee was not properly in court when the appeal was dismissed: Camp v. Hogan, 73 Ill. 228; Pratt v. Bryant, 2 Bradwell, 314; Hooper v. Smith, 19 Ill. 53; Leeman v. Freeman, 86 Ill. 209.

McALLISTER, J. Nov. 25th, 1879, Margaret Kelly, as plaintiff, recovered judgment in justice's court against Lute R. Woodhull, defendant in an action of forcible detainer. On the same day the defendant took an appeal to the Superior Court by filing a bond in due form with the clerk thereof, with a surety who justified by affidavit, and was approved by the clerk. Dec. 2, 1879, the plaintiff's appearance having been entered, her attorney obtained a rule on defendant to bring the surety on the appeal bond to justify in open court, or file a new bond, on notice to plaintiff's attorney, on or before the coming in of court, at 10 o'clock on Monday morning then next, or in default thereof, the appeal be dismissed at defendant's costs. Dec. 8, 1879, the court dismissed the appeal, at defendant's costs, for non-compliance with said rule. On the tenth of the same month defendant's attorney made a motion to set aside said order of dismissal, on the ground amongst others that the court had no jurisdiction to make it. The court overruled the motion, to which the defendant excepted, and preserved the matters in question by bill of exceptions.

At the time of the making of the order requiring the defendant to cause the surety to justify in open court or to file a new bond, and at the time of the judgment dismissing the appeal, the court had acquired no jurisdiction of the persons of the parties or subject-matter of the suit pursuant to law, because (1), No transcript had been filed, which was necessary to the jurisdiction of the subject-matter. Reed v. Driscoll, 84 Ill. 79. (2), There had been no service of summons on plaintiff, either in person or by return of two *nihils*, ten days before the commencement of the December term, nor was her appearance entered ten days before that time. It was impossible that either should have been done, because the term begins on the first Monday of each month; and in December, 1879, the first Monday was on the first day of the month. The appeal was taken Nov. 25, so that ten days could not have intervened. It is useless to multiply words as to a matter so plain. Camp v. Hogan, 73 Ill. 228, is decisive of the question.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.