TILSON ALDRICH

v.

THE CITY OF POLO.

</div>

1.   APPEALS FROM JUSTICE—RIGHT OF PLANTIFF AND DEFENDANT TO—JURISDICTION.—Where one party to a judgment before a justice of the peace takes an appeal to the circuit court, the other party, if he wishes to appeal,

must take his appeal to the same court and cannot appeal to the county or any other court. The court to which the first appeal is perfected obtains exclusive jurisdiction.

2. APPEALS TO CIRCUIT AND COUNTY COURTS.—Where an appeal was taken by a plaintiff from a judgment of a justice of the peace to the circuit court and perfected and after such appeal was perfected and within the twenty days after the rendition of the judgment the defendant took an appeal to the county court, held that the circuit court having first acquired jurisdiction, the appellee was bound to follow the appeal and litigate the entire controversy in that tribunal. If he fears the appellant would dismiss his appeal he would likewise have appealed to the same court.

3. THE COUNTY COURT NO JURISDICTION OF SECOND APPEAL—That the county court acquired no jurisdiction to try the cause, and it was proper to strike the cause from the docket of that court. The case having been continued by agreement, the court had jurisdiction to strike it from the docket, although no appeal summons had been issued.

4. TRANSCRIPT—That the justice having sent the original papers up ·to the circuit court, they could not be obtained to file in the county court.

APPEAL from the County Court of Ogle county; the Hon. ALBERT WOODCOCK, Judge, presiding. Opinion filed April 6, 1881.

The city of Polo recovered a judgment against the appellant before the police magistrate of that city, and not being satisfied therewith on the same day the magistrate rendered the judgment, prayed an appeal to the Circuit Court of Ogle county. The prayer for the appeal was entered upon the docket by the magistrate, who, within the twenty days thereafter, caused a transcript of the docket and the papers in the case, to be filed with the clerk of the circuit court. On the nineteenth day after rendition of the judgment the appellant filed an appeal bond, in the office of the clerk of the county court, and subsequently caused a supersedeas to be issued to said justice with a command to return the papers and a transcript to the county court.

The cause was continued in the county court by the agreement of the parties, no return having been made by the magistrate. At the February term, 1880, of said county court, the cause was again continued by agreement until the June term.

At said June term the magistrate, in obedience to a writ of *certiorari* previously issued, filed in said county court a

transcript of his docket, and making a further return that he could not send up the papers in the cause for the reason that he had within twenty days from the date of the judgment sent them to the clerk of the circuit court, to which court the city had appealed said cause.

Upon this return the appellee moved the county court to strike said cause from the docket because the appeal was taken to and was pending in the circuit court. The county court sustained the motion and the defendant appeals to this court.

Mr. MORTON D. SWIFT and EDWARD F. DUTCHER, for appellant; that both parties may appeal from the judgment of a justice of the peace, cited Bacon v. Lawrence. 26 Ill. 53.

The court had no jurisdiction to strike the case from the docket, no appearance in writing having been entered and no summons issued: Camp v. Hogan, 73 Ill. 228.

Mr. JAMES W. ALLABEN and Mr. JAMES H. CARTWRIGHT, for appellee; that jurisdiction of the subject-matter is obtained by the justice transmitting the papers in the case with a transcript to the clerk of the court to which the appeal is taken, cited Reed v. Driscoll, 84 Ill. 96; Campbell v. McCahan. 41 Ill. 45.

In case the appeal is taken and perfected before the justice, the superior court acquires jurisdiction at once over the parties. No summons to the appellee is required, but he is bound to take notice of the appeal: Boyd v. Kocher, 31 Ill. 295; Fix v. Quinn, 75 Ill. 232.

The county court had no jurisdiction of the case: Wadhams v. Hotchkiss, 80 Ill. 437.

In cases of concurrent jurisdiction the court which first obtains jurisdiction of the subject-matter must proceed. and finally dispose of it: Mason v. Piggott, 11 Ill. 85; Ross v. Buchanan, 13 Ill. 55; 2 Kent's Com. 125; Smith v. McIver, 9 Wheaton, 523; Slyhoof v. Flitcraft, 1 Ashmead, 171; Merrill v. Lake, 16 Ohio, 373; 1 Grant's cases, Penn. 212; *Ex parte* Bushnell, 8 Ohio St. 599; 25 Barber N. Y. 513; *Ex parte* Holman, 28 Iowa, 88.

The dismissal of an appeal is equivalent to the affirmance of the judgment appealed from: McConnell v. Parsons, 2 Scam. 571; Sutherland v. Phelps, 22 Ill. 91.

The necessity of entering appearance in writing or issuing summons, was removed by appellee appearing and agreeing to a continuance: Snell v. North Planing Mill Co. 89 Ill. 581; Barns v. Nichols, 89 Ill. 480; Hohmann v. Eiterman, 86 Ill. 92.

PILLSBURY, J. It is admitted by appellant that the appeal was properly taken by the city and allowed by the magistrate, but it is contended that the act of the city in appealing did not deprive the defendant below of his right under the statute to an appeal also, and having such right of appeal he could perfect the same by filing his bond in the county court if he so elected. At the time of the rendition of the judgment in this cause the county court had concurrent jurisdiction with the circuit court to hear and determine all appeals taken from the judgments of justices of the peace and police magistrates. Sess. Laws of 1877, page 77.

The Circuit and County Courts of Ogle county having equal and concurrent jurisdiction in this appeal from the magistrate it only remains to inquire which court first obtained jurisdiction, as the rule is well settled that in such cases the court first acquiring jurisdiction of the cause will retain it for final determination to the exclusion of the other. Moran v. Piggot, 11 Ill. 85; Stearns v. Stearns, 16 Mass. 167; Smith v. McIves, 9 Wheaton, 523; Merrill v. Lake, 16 Ohio, 373. Comity between courts of equal powers and jurisdiction demands that this rule should be promptly recognized and enforced, for in this way only, can conflict of jurisdiction be avoided.

The filing of an appeal bond with the justice, and its approval by him perfects the appeal, Little v. Smith, 4 Scam. 400; and where an appeal is permitted by statute without bond as in cases of counties, towns, cities and other corporations exempted by statute from giving bonds, it must be held that the allowance of the prayer for an appeal by the court rendering the judgment, in like manner operates to perfect the appeal, and being so perfected, thereafter the cause is pending in the

court to which the appeal is taken. Owens v. McKethe, 5 Gil. 79; Reynolds v. Perry, 11 Ill. 534. These cases so hold the rule to be, where the appeal is taken to the Supreme Court, and no reason is perceived why it does not apply in appeals taken to the circuit or county court from the judgments of justices of the peace. The appeal of the city having been perfected to the circuit court, that court first acquired jurisdiction of the subject matter, and could not be ousted of its jurisdiction by the act of the appellant in afterwards filing his appeal bond in the county court. The appellant if he desired to perfect an appeal should have done so by filing his bond with the justice or with the clerk of the circuit court, for while he is not deprived of his right of appeal by the act of the city in first perfecting its appeal, the statute is not to be so construed as to permit the dividing up of an entire cause and trying it by piecemeal in two different courts, having equal jurisdiction.

The party first perfecting the appeal having selected the court, and, as we have seen, conferred jurisdiction upon it, the appellee is bound to follow the appeal, and litigate the entire controversy in that tribunal. If he fears that the appellant will dismiss his appeal thereby leaving the judgment in force against him, he can likewise appeal to the same court and have a trial upon the merits.

The County Court of Ogle County acquired no jurisdiction to try the cause upon the appeal of the appellant and in striking the cause from the docket committed no error, but pursued the proper practice. Wadhams v. Hotchkiss, 80 Ill. 437.

The point is made that the county court erred in entertaining and disposing of the motion as no appellee summons had been issued or served, and the appellee not having entered its appearance in writing ten days before the term, was not in a position to take any affirmative action in the case, as it was not in a position to be forced to trial.

This objection can have no force as it appears that the cause had been continued for two terms of court by the agreement of the parties. The appellee having appeared in open court

and stipulated to continue, the cause was in court for all purposes, and no summons was necessary to confer upon the court jurisdiction of the person. No error appearing in the record, the judgment of the county court will be affirmed.

Judgment affirmed. .