EUGENE VALLENS

*v.*    ( )

FRED P. HOPKINS.

157  267
d87a 591
88a 346

*Filed at Ottawa June 15, 1895—Rehearing denied October 23, 1895.*

1. JURISDICTION—*of appeal from justice—transcript not filed ten days before term.* Under section 68, chapter 79, of the Revised Statutes, no jurisdiction to proceed at the term is obtained by an appellate court of an appeal from a justice's judgment, taken by filing bond with the justice, unless the transcript is filed ten days before the term begins.

2. APPEAL—*from justice of the peace—how perfected.* An appeal from a justice of the peace, taken by filing bond with the justice, is *perfected* by the filing of such bond and the filing of the transcript with the clerk of the appellate court ten days before the commencement of the term to which the appeal is taken.

3. TRIAL—*short cause calendar—construction of practice rule 18 of the Superior Court.* Where a case stands for trial at a term without further pleadings it is "at issue," within the meaning of the practice rule 18 of the Superior Court of Cook county.

4. SAME—*when appeal from justice of the peace is at issue.* An appeal from a justice, which is tried *de novo* without written pleadings, is at issue, and may be noticed for trial, within the meaning of said rule 18, when the appeal is perfected.

5. SAME—*unperfected appeal should be stricken from short cause calendar.* An appeal from a justice not perfected to the term is not at issue, within the meaning of said rule 18, and should, on motion, be stricken from the short cause calendar.

BAKER, J., dissenting.

*Vallens v. Hopkins,* 51 Ill. App. 337, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Appellee brought his action of forcible detainer before a justice of the peace, against appellant, and the judgment was adverse to him, whereupon he appealed to the Superior Court of Cook county. His appeal bond was filed before the justice May 25, 1893, and on May 27 fol-

lowing, the transcript, etc., was filed with the clerk of the Superior Court. The June term of the Superior Court commenced on the fifth of that month. On the first day of June, and during the May term, the appellee served notice on the attorneys who had appeared for appellant before the justice, of a motion to have the cause placed on the short cause calendar. The rule of court with reference to placing causes on the short cause calendar is:

"Rule 18. Monday of each week is set apart and assigned as the day for the trial of suits upon the short cause calendar, but any judge may postpone the call of his short cause calendar. No cause shall be noticed for trial on such calendar until the same is at issue. All notices to place a cause on such calendar must be filed with the clerk within two days after service of the same, and not later than Thursday, eleven days before the Monday on which the cause is set for trial. The clerk shall place upon the short cause calendar of each judge for each week the causes assigned to such judge and noticed for trial upon the short cause calendar, except in cases when a judge is presiding in the Criminal Court, in which case his causes shall be distributed equally by the clerk among the other short cause calendars."

On Monday, June 12, the cause appeared on the short cause calendar. On the same day the appearance of the defendant (appellant here) was entered by Adolph Ascher, who on that day entered his motion to strike the cause from the short cause calendar: "First, because said cause was not at issue on the date when the notice to place the same on the short cause calendar, to-wit, June 1, 1893, is alleged to have been given, as provided by rule 18 of the common law rules of said court—that said cause was not at issue until Monday, the fifth day of June, A. D. 1893; second, because no notice was given to the defendant, his agent or attorney, of the placing of said cause on the short cause calendar, as required by the statute in such case made and provided." This motion was denied the

same day, to which defendant excepted.   The cause was
not reached until June 26, when the motion was renewed,
denied, and defendant excepted.   The cause was then
tried, appellant withdrawing from the court.   A verdict
and judgment for appellee (the plaintiff below) were en-
tered, to which the defendant objected and excepted, and
an appeal was prosecuted by the defendant to the Appel-
late Court for the First District, where the judgment was
affirmed, and this appeal is prosecuted.

ADOLPH ASCHER, for appellant.

COY & BROCKWAY, for appellee:
   The appellant having appeared in the Superior Court,
and having moved to strike the case from the short cause
calendar on other pretexts, and having raised no objec-
tion whatever in that court as to the time of filing the
transcript, has waived any right to bring that question
before this court.   *Vogel* v. *People*, 37 Ill. App. 388; *Selby*
v. *Hutchinson*, 4 Gilm. 319; *Railroad Co.* v. *McMath*, 91 Ill.
104; *Norton* v. *Dow*, 5 Gilm. 459; *Ohling* v. *Luitjens*, 32 Ill.
23; *Birks* v. *Houston*, 63 id. 77; *Phillips* v. *Hood*, 85 id. 450;
*Randolph County* v. *Ralls*, 18 id. 29.
   An "appeal below" is perfected when the bond is filed
with the justice of the peace.   *Little* v. *Smith*, 5 Ill. 400;
*Gallimore* v. *Dazey*, 12 id. 143; *Boyd* v. *Kocher*, 31 id. 295;
*Beardsley* v. *Hill*, 61 id. 354; *Hayward* v. *Ramsey*, 74 id. 372.
   From the moment of filing the bond the case is pend-
ing in the court to which it is appealed.   *Simpson* v. *Alex-
ander*, 5 Gilm. 260; *Owens* v. *McKethe*, id. 79; *Reynolds* v.
*Perry*, 11 Ill. 534.
   If the appeal is thus perfected ten or more days before
the term to which such appeal is taken, the case stands
for trial at that term.   *Boyd* v. *Kocher*, *supra; Hayward* v.
*Ramsey*, *supra*.
   If the rule of court had denied the plaintiff the right
to give the notice as he did, the rule would have been

invalid, for no rule of court can deprive a party of a clear legal right. *Railroad Co.* v. *Faitz,* 19 Ill. App. 85 ; *Pekin* v. *Dunkelbury,* 40 id. 184; *Cratty* v. *Wyatt,* 3 id. 388 ; *Hayward* v. *Ramsey,* 74 Ill. 372.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This case presents for construction section 68, chapter 79, of the Revised Statutes, and we are asked to determine whether, where an appeal bond is filed with the justice, it is necessary to the jurisdiction of the appellate tribunal that the transcript, etc., be filed in that court ten days before the first day of the term.

Sections 64 and 65 of chapter 79 of the Statutes of 1893 are substantially the same as sections 60 and 61 of chapter 59 of the Revised Statutes of 1845. Under the act of 1845 it was held in *Boyd* v. *Kocher,* 31 Ill. 295, that where an appeal was perfected before a justice of the peace no summons was necessary to either party, and appellant and appellee alike are bound to follow up the appeal. In that case, whilst the appeal was taken more than ten days before the term of court to which the appeal was prosecuted, the transcript was not filed until after the term commenced, and on the same day on which the transcript was filed the appeal was dismissed, on motion of appellee. At the time of that decision there was no statute in this State similar to section 68 of chapter 79 of the Revised Statutes, as now existing.

Section 64 of chapter 79 provides for an appeal by filing the bond with the justice of the peace who rendered the judgment, and section 65 provides for an appeal by filing the bond in the office of the appellate tribunal, in which case a *supersedeas* and summons to the appellee are issued. The provisions of section 64 require a transcript to be filed, on appeal, by filing the bond with the justice, and by section 66 of the same chapter provision is made for filing a transcript, etc., when the

appeal is perfected by filing the bond with the clerk of
the appellate tribunal. Section 68 is as follows: "In case
the appeal from the justice of the peace is perfected by
filing the papers and transcript of judgment ten days be-
fore the commencement of the term of the court to which
the appeal is taken, the appearance of the appellee may
be entered in writing, and filed among the papers in the
case, and if so entered ten days before the first day of
the term of court the case shall stand for trial at that
term." After that enactment the question whether its
provisions applied to a case where the appeal was had
by filing a bond with the justice of the peace, was before
this court in *Hayward* v. *Ramsey*, 74 Ill. 372, and it was
held, after quoting the section: "The language of this
section so plainly excludes a trial of such an appeal per-
fected before a justice of the peace unless there has inter-
vened at least ten days before the first day of the term
to which the appeal is taken, that we are unable to see
how any one could mistake its meaning. * * * Al-
though the parties are bound to follow their case to the
circuit court where the appeal is perfected before the
justice, without further notice, still there must intervene
ten days from the perfecting the appeal till the first day
of the next term of the appellate court." The perfect-
ing the appeal, in such case, is the filing of the bond
with the justice of the peace, and the filing the papers
and transcript of judgment ten days before the com-
mencement of the term to which the appeal is taken,
with the clerk of that court. This is the clear meaning
of the statute. Under that statute the transcript and
papers on file with the clerk ten days before the com-
mencement of the term afford an opportunity to each
party to prepare for trial.

The contention of appellee that that section, with
reference to filing transcripts, etc., only applies to cases
where the appeal is taken by filing the bond with the
clerk, cannot be sustained. The clause of section 68 in

reference to filing appearance, in writing, ten days before the commencement of the term, does, however, apply only to cases where a summons is necessary, as, where the appeal bond is filed with the clerk of the appellate tribunal in the first place, for the purpose of appeal, and to cases where an appeal is taken by one of several plaintiffs or defendants, and others do not appeal, and summons is required to issue as provided by section 70 of chapter 79. In such cases appearance in writing, as provided by section 68, may be entered ten days before the term. We do not hold, however, that where there is waiver of both service of summons and time by a party so entering appearance, the court may not proceed to trial of the cause in the absence of objection by the opposite party, but the person so entering appearance less than ten days before the commencement of the term does not thereby have the right to dismiss suit, or appeal, in the absence of the other party.

By the act entitled "An act to expedite the trial of certain suits at law in courts of record," approved June 1, 1889, it is provided: "That it shall be the duty of the clerk of each court of record in this State to prepare a trial calendar, in addition to the regular trial calendar of each court, to be known as the 'Short Cause Calendar,' upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar." By rule 18 of the Superior Court of Cook county it is provided that no cause shall be noticed for trial on such calendar until the same is at issue. This rule is in furtherance of the purposes of the act, and the term "at issue" has a well-defined meaning, and, as used in the rule, has reference to being ready for trial on a point affirmed on one side and denied on the other. For

the purpose and within the meaning of rule 18, where the case stands for trial at that term without further pleadings it is at issue.  An appeal suit from a justice of the peace is tried *de novo*, without written pleadings, and when the appeal is perfected, as heretofore discussed, such appeal is at issue that it may be noticed for trial under rule 18 of that court.  Until the appeal is perfected it is not within the jurisdiction of the court to be placed on the short cause calendar.  The appeal not having been perfected ten days before the June term commenced, it did not stand for trial at that term, and was not at issue for trial within the meaning of that rule, and could not properly be placed on the short cause calendar for trial.  The appeal not having been perfected to give the court jurisdiction of the case at that term, the motion to strike the cause from the short cause calendar should have been allowed.

It being reversible error to overrule the motion to strike the case from the short cause calendar, it becomes unnecessary to discuss the effect of the entering of appearance and motion.

The judgment of the Superior Court of Cook county and the judgment of the Appellate Court for the First District are each reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE BAKER:  I do not concur.  The appeal having been perfected by filing the bond with the justice more than ten days before the term, the court had jurisdiction of the cause and of the parties at that term.  *Boyd* v. *Kocher*, 31 Ill. 295.