## John McGillen v. Gustav R. Wolff.

1. COUNTY COURTS—*Jurisdiction over Parties Appealing from a Justice, When Acquired.*—Although the County Court acquires jurisdiction of the persons of the plaintiff and the defendant, by the filing of the appeal bond by the one, and the entry of appearance by the other, before the term at which the appeal is dismissed, jurisdiction of the subject-matter is not acquired until the justice's transcript is filed.

2. STATUTES—*Act of 1895 Relating to Justices Does Not Repeal Sec. 68 of the Justice's Act of 1872.*—The act of 1895 contains no repealing clause, either particular or general, and so section 68 of the act of 1872 remains in full force, and is to be read and considered in connection with Sec. 1, Art. X, of the act of 1895.

3. SAME—*Repeal by Implication, When Possible.*—There must be a positive repugnancy between the provisions of a new law and an old one, to work a repeal by implication; and even then the old law is repealed only to the extent of such repugnancy.

4. SAME—*Repeal by Implication Not Favored by the Courts.*—Repeals by implication are not favored by the courts, and no statute will be construed as repealing a prior one, unless so clearly repugnant thereto as to admit of no other reasonable construction.

5. APPEALS—*Office of the Justice's Transcript.*—The justice's transcript performs the office of a declaration in original suits in courts of record, and the requirement that it shall be filed ten days before the first day of the term of court at which the case stands for trial, is in analogy with the practice in courts of record, requiring declarations to be filed ten days before the first day of the term at which judgment may be applied for.

**Writ of Error** to the County Court of Cook County; the Hon. HENRY W. JOHNSON, Judge, presiding. Appeal dismissed for want of prosecution; error by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed May 26, 1899.

WILLIAM J. DONLIN, attorney for plaintiff in error.

Where the transcript of the judgment is not filed ten days before a term of court, the cause does not stand for trial at that term, and except with the consent of both parties, can not be tried. That this is the interpretation given to the statute by the decisions of both the Supreme Court and of this court, is apparent from the following cases: Hayward v. Ramsey, 74 Ill. 372; Sheridan v. Beards-

ley, 89 Ill. 477; Camp v. Hogan, 73 Ill. 228; Reed v. Dris-, coll, 84 Ill. 96; McMullen v. Graham, 6 Ill. App. 239; Schmidt v. Skelly, 10 Ill. App. 564; Faas v. O'Connor, 6 Ill. App. 593; Marsh v. Dingman, 16 Ill. App. 406.

ARTHUR R. WOLFE, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The only question of any importance suggested by this writ of error is, has the County Court jurisdiction to dismiss for want of prosecution, upon motion of the plaintiff, in the absence of the defendant, an appeal by the defendant from a justice of the peace judgment, at the same term in which the justice's transcript is filed. The transcript was not filed until the second day of the term at which, on the tenth day thereof, the appeal was dismissed.

Although the County Court had acquired jurisdiction of the persons of the plaintiff and the defendant, by the filing in that court of the appeal bond by the one, and the entry of appearance by the other, long before the term at which the appeal was dismissed, jurisdiction of the subject-matter was not acquired until the justice's transcript was filed. Reed v. Driscoll, 84 Ill. 96.

Indeed, it seems to be conceded by defendant in error, that unless section 68 of the justice's act of 1872 was repealed by the act of 1895 relating to justices, the appeal was, under many decisions, improperly dismissed. Reed v. Driscoll, *supra;* Hayward v. Ramsey, 74 Ill. 372; Jarrett v. Phillips, 90 Ill. 237; Sheridan v. Beardsley, 89 Ill. 477; Camp v. Hogan, 73 Ill. 228; Marsh v. Dingman, 16 Ill. App. 406.

There is nothing in the act of 1895, which, in terms, repeals section 68 (or for that matter, any other part of the act of 1872), and hence, if repealed, it must be so by implication. A statute is not repealed merely by the enactment of another statute on the same subject. There must be a positive repugnancy between the provisions of the new law and the old to work a repeal by implication; and even then the old law is repealed only to the extent of such repugnancy.

"Nothing is better settled than that repeals  *  *  * by implication are not favored by the courts, and that no statute will be construed as repealing a prior one, unless so clearly repugnant thereto as to admit of no other reasonable construction." Cope v. Cope, 137 U. S. 682.

"Repeal by implication is not favored, and will not be held, if both acts, by reasonable construction, may be continued in force." County of Cook v. Gilbert, 146 Ill. 268.

The rules and authorities in support might be multiplied, but those stated are enough.

Section 68 of the act of 1872, provides:

"In case the appeal from the justice of the peace is perfected by filing the papers and transcript of judgment ten days before the commencement of the term to which the appeal is taken, the appearance of the appellee may be entered in writing and filed among the papers in the case; and if so entered ten days before the first day of the term of court, the case shall stand for trial at that term."

The act of 1895 is entitled "An act to revise the law in relation to justices of the peace and constables." (P. 133, Bradwell's Laws, 1895.) Article X of that act contains all its provisions concerning appeals and certiorari, and is divided into three sections, the first one of which relates to appeals only.

So far as is pertinent to the question before us, the method of taking and perfecting appeals and the issuing of a supersedeas, is not essentially different in one act from what it is in the other, but there is no provision in the act of 1895 concerning the time when the transcript or appearance of the appellee shall be filed in order for the case to stand for trial.

All that the act of 1895 contains with reference to the transcript, is found in the last sentence of Sec. 1, Art. X, aforesaid, as follows:

"When the bond is filed before the justice, or the supersedeas is served upon him as aforesaid, the justice shall return all the papers in the case and a transcript of his docket in the case to the clerk of the court to which the appeal is taken, with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him."

Now add to and read with what has just been quoted, section 68 before quoted, and it is perfectly plain that there is no repugnance between the two.   On the other hand the two together are perfectly consistent, and establish a complete and harmonious rule of practice.

The justice's transcript performs the office of the declaration in original suits in courts of record (Reed v. Driscoll, *supra*), and the requirement that it shall be filed ten days before the first day of the term of court at which the case shall stand for trial, is in strict analogy with the practice in courts of record, which requires declarations to be filed ten days before the first day of the term at which judgment may be applied for.

The act of 1895 containing no repealing clause, either particular or general, we have no hesitation in holding that section 68 of the act of 1872 remains in full force and is to be read and considered in connection with Sec. 1, Art. X, of the act of 1895.

It follows, therefore, that the foregoing cases cited by us are as applicable now as ever, and that the appeal was improperly dismissed, and the judgment appealed from wrongfully rendered.

The judgment is accordingly reversed, and the cause remanded.

Reversed and remanded.