# W. Dyniewicz v. N. C. Benziger and L. G. Benziger, doing business as Benziger Bros.

1. SHORT CAUSE CALENDAR—*Practice.*—Where there is a rule of court providing that no cause shall be noticed for the short cause calendar when not at issue, it is error to deny a motion to strike it from such calendar or to otherwise dispose of it as a cause properly upon that calendar.

Error to the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 5, 1900. Rehearing denied.

Statement.—This suit was begun before a justice of the peace. From his judgment the plaintiff in error took an appeal to the County Court by filing an appeal bond in the County Court. The bond was filed upon the 19th day of July, 1898, but the transcript of the judgment of the justice of the peace was not filed in the County Court until the 14th day of October, 1898. This was of the October term of that court. Upon the 22d day of October, 1898, also of the October term of the County Court, the defendants in error filed the customary short cause affidavit, and gave notice thereof to the attorneys for plaintiff in error. The first day of the term of the County Court next after the 14th day of October, 1898, was the 14th day of November, 1898. Upon that day, viz., November 14, 1898, the first day of the November term of the court, the cause appeared upon the short cause calendar. Thereupon counsel for plaintiff in error presented a motion to strike the cause from the short cause calendar upon the ground that when the affidavit was filed and the cause was placed upon the calendar at the October term, 1898, it was not at issue, the appeal from the justice of the peace not having been perfected by the filing of the transcript ten days before the beginning of such term; and upon the further ground that the rules of the County Court then in effect provided that " no cause shall be noticed for trial on such calendar until the same is at issue."

Dyniewicz v. Benziger.

The motion was overruled and the cause was then called for trial. The counsel for plaintiff in error thereupon renewed the motion to strike the cause from the short cause calendar, and upon the motion being again overruled, they withdrew from any participation in the trial.

The trial resulted in a judgment for defendants in error. From that judgment this appeal is prosecuted.

CZARNECKI & KORALESKI, attorneys for plaintiff in error.

LENNARDS & AUSTIN, attorneys for defendants in error.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The question presented upon this appeal, and determinative thereof, is as to whether it was error to deny the motion of plaintiff in error to strike the cause from the short cause calendar, and hence error to dispose of the suit as a cause properly upon that calendar. We are of opinion that this question is definitely settled by the decision of our Supreme Court in Vallens v. Hopkins, 157 Ill. 267.

It appears from the record that there was a rule of the County Court in effect when this cause was disposed of, that no cause should be noticed for the short cause calendar when not at issue. This cause was not at issue upon October 22, 1898, for the transcript of the judgment of the justice of the peace had not then been filed ten days before that term. The reasonable application of the court rule and the effect of the decision above cited, leave no room for doubt that it was error to deny the motion to strike the cause from the short cause calendar and to proceed to a disposition of the suit.

Nor was the right of plaintiff in error in this instance waived by delay in presenting his motion. The first day upon which the County Court could properly enter such orders in the cause was November 14, 1898. Upon that day, before the cause was called for trial, and again when it was so called, the motion was interposed. The judgment is reversed and the cause is remanded.