## Bridge and Structural Iron Workers' Union v. C. H. Sigmund.

1. PRACTICE—*In Appeals from Justices, Jurisdictional Papers to be Transmitted.*—In appeals, all jurisdictional papers should be transmitted by the justice, such, for example, as a summons, where the jurisdiction of the justice depended upon the issuance and service of a summons, or a complaint in writing in a forcible detainer suit; for unless it appears affirmatively that the justice had jurisdiction, the court on appeal will have none.

2. SUMMONS—*Function of.*—The function of a summons is to bring the defendant into court and give the court jurisdiction over his person.

3. STATUTES—*Sec. 68 of the Act of 1872 Not Repealed by Act of 1895 Revising Justice's Act.*—Section 68 of the act of 1872 was not repealed by the act of 1895, revising the justice's act.

4. JURISDICTION—*Upon What it Depends—Appeals.*—An appearance by the defendant ten days before the term at which trial is demanded, or the service of summons upon him, or the equivalent of service as provided by the statute, must exist, or the court is without jurisdiction to do anything in the case, in the absence of and without the consent of either party, except to continue the cause.

Assumpsit, for work and materials. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed April 17, 1900.

JOHN F. GEETING, attorney for plaintiff in error.

FREDERICK L. BROOKS, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This cause having been stripped of all incidental questions, by stipulations of the parties and order thereon, there remains nothing to be considered, except some jurisdictional questions that are reviewable upon the "record proper," that is alone before us.

An appeal to the Circuit Court was taken by the plaintiff in error from a justice's judgment, by filing the requisite appeal bond with the clerk of the Circuit Court. It thereupon became the duty of the clerk of the Circuit Court to

issue a supersedeas, as required by the statute, the service of which upon the justice would require him to send up to the Circuit Court all the papers in the case, and a certified transcript of his docket in the case. (Sec. 115, Ch. 79, Rev. Stat., Hurd's Ed.) The record fails to show that a supersedeas ever issued, but it does appear that on the day the appeal bond was filed with the circuit clerk there was also filed a duly certified transcript of the justice's docket. The presumption is that the transcript was filed after the appeal bond had been filed and approved, for until that was done there was no case or appeal pending in which the transcript could be filed. The filing of such transcript, although it bore date of the day before the appeal bond was filed, was sufficient to confer jurisdiction upon the Circuit Court of the subject-matter of the suit. McGillen v. Wolff, 83 Ill. App. 227. So far as the transcript itself was concerned, the issuance and service of a supersedeas that would require the justice to do over again what he had already done once, would serve no useful end. But it is said, no "papers," such as the statute requires the justice to return along with the transcript, were transmitted to the Circuit Court clerk. *Non constat* there were any "papers" to be sent up by the justice. All jurisdictional papers should certainly be transmitted by the justice, such, for example, as a summons, where the jurisdiction of the justice over the persons of the parties depended upon the issuance and service of one, or a complaint in writing in a forcible detainer suit, for unless it appears affirmatively that the justice had jurisdiction, the court on appeal would have none. Abbott v. Kruse, 37 Ill. App. 549; Redfern v. Botham, 70 Ill. App. 253.

But where, as in this case, it affirmatively appears by the justice's transcript that both parties appeared with their witnesses and went to trial without objection, a summons and its return, served upon the defendant, would add nothing to the jurisdiction of the justice.

We must not be understood as holding that no "papers" except jurisdictional ones are required to be sent up by the

justice where there are any others in the case before him. We are now dealing only with the question of jurisdiction, pure and simple, as applied to this particular case. The justice's certificate to his transcript is in the words of the statute and we do not see wherein it is deficient in any respect. Coming now to the proceedings upon the appeal in the Circuit Court, the record fails to show that a summons to the appellee (defendant in error) ever issued out of the Circuit Court. The function of a summons is to bring the appellee into court and give the court jurisdiction over his person. But this may be done as well by his voluntary appearance. Vallens v. Hopkins, 157 Ill. 267.

The appeal bond and justice's transcript were filed on a day of the December term, 1894, of the Circuit Court, and the appellee, by attorney, entered his appearance in writing, in the cause, on April 2, 1897, which was of the March term, that year, of the Circuit Court. Jurisdiction over the subject-matter and over the persons of both parties then existed in the Circuit Court, and had ten days elapsed between the entry of appellee's appearance and the beginning of the term at which the cause came on for trial, the requisite jurisdiction to proceed in the cause and render judgment would have concurred.

But it was within the same term at which the judgment was rendered that appellee's appearance was entered, and without the consent of the plaintiff in error the court had not the power to proceed at that term.

Section 68 of the act of 1872 (Hurd's Ed. Rev. Stat., Sec. 178), was not repealed by the act of 1895 revising the justice's act. McGillen v. Wolf, *supra*. It provides that if the appearance of an appellee shall be entered ten days before the first day of the term, the case shall stand for trial at that term. Appearance by appellee ten days before the term at which trial is demanded, or the service of summons upon him, or the equivalent of service as provided by the statute, must exist, or the court is without jurisdiction to do anything in the case, in the absence and without the consent of either party, except to continue the cause. Camp v. Hogan, 73 Ill. 228; McMullen v. Graham, 6 Ill.

App. 239, and cases there cited; Woodhull v. Kelly, 6 Ill. App. 323; McGillen v. Wolff, *supra;* Vallens v. Hopkins, 157 Ill. 267.

Here, the appearance of defendant in error was not entered until within the term at which the judgment in his favor was rendered. He was not, nor was plaintiff in error, entitled to demand a trial at that term, nor did the court have jurisdiction to render the judgment at that term, without consent of parties. The judgment that was rendered against plaintiff in error was void for want of jurisdiction in the court to render it, and it will be reversed and the cause remanded.