89   217
92   1525

## John Scheidt v. Herman Goldsmith.

1.  PRACTICE—*On Appeal from Justices.*—When an appeal from a
justice of the peace is perfected, the appearance of the appellee may be
entered in writing, but the case can only stand for trial at that term
when such appearance has been entered ten days before the first day of
the term.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon.
ELBRIDGE HANECY, Judge, presiding.   Heard in the Branch Appellate
Court at the October term, 1899.   Reversed and remanded.   Opinion
filed May 15, 1900.

LOUIS LAGGER, attorney for appellant.

If an appellant in an appeal from a justice does not cause
a transcript to be forwarded appellee may; the proper

practice in such case is for appellee to obtain a transcript, pay for it, have a rule entered on appellant to refund to him the exact sum advanced within a certain time, and then move for a dismissal of the appeal in case of a non-compliance.    Schmidt v. Skelly, 10 Ill. App. 564; Edwards v. Duling, 36 Ill. 353; Garrity v. Bash, 84 Ill. 73; Meserve v. Delaney, 112 Ill. 353.

No appearance by appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellant appealed to the Circuit Court from a judgment rendered by a justice of the peace.    His appeal bond was filed in that court and a supersedeas duly issued.    The transcript of the judgment was filed ten days before the commencement of the June term, duly perfecting the appeal.

A summons issued to appellee at the time the appeal was taken was returned without service; but two days after the commencement of the June term of the Circuit Court appellee's appearance was entered by his counsel.    The next day the latter served notice upon an attorney, apparently supposed to represent appellant—though what, if any, ground existed for the supposition does not appear—that application would be made for a rule on appellant to pay the costs of the transcript.    Such rule was entered, appellant not being present in person or by attorney, and the rule not having been complied with, the court a week later, on motion of appellee's counsel, dismissed the appeal with *procedendo*.

Thereafter, at the same term, appellant appeared by his attorney and moved to vacate the order of dismissal, and filed affidavits setting forth want of notice and facts tending to show a meritorious defense to the action.    The court denied the motion to vacate.

The Circuit Court had no jurisdiction to dismiss the appeal at the said June term.    Sec. 68 of the act of 1872 (Rev. Stat., Chap. 79, Sec. 178), which is still in force

(McGillen v. Wolf, 83 Ill. App. 227); provides that where an appeal is perfected as in this case, the appearance of appellee may be entered in writing as was done here.    But the case can only stand for trial at that term, when such appearance has been "entered ten days before the first day of the term of court." It was entered in this case two days after the commencement of the term.    What was said so long ago as Camp v. Hogan, 73 Ill. 229, is applicable in the case at bar : " There was no service on appellee in this case, nor was there a return of two nihils, nor was there an appearance entered by appellee ten days before the commencement of the term in the manner authorized by statute, and it was manifest error to dismiss the appeal or do any other act in the case than to continue it until the court acquired jurisdiction of appellee in the manner prescribed by the statute, unless by consent of appellant." To the same effect are Sheridan v. Beardsley, 89 Ill. 477; Rosenthal v. Craig, 66 Ill. App. 541, and cases there cited; Bridge & Structural Iron Workers' Union v. Sigmund, 88 Ill. App. 344, and other cases.

The judgment of the Circuit Court is reversed and the cause remanded.