HANS FRAHM

*v.*

THE COMMISSIONERS OF CRAIG DRAINAGE DISTRICT.

*Opinion filed December 16, 1902.*

APPEALS AND ERRORS—*when county court has jurisdiction of appeal in drainage case.* If an appeal from an order of drainage commissioners classifying lands is taken within the time provided in sections 24 and 25 of the Farm Drainage act, and the bond is duly filed and approved and the commissioners obey the *supersedeas* served upon them, the county court acquires jurisdiction, which is not lost because a summons issued by the clerk was made returnable to the law term, which began six days later than the probate term, at which the appeal might have been heard, where the appellees did not appear until the law term.

WRIT OF ERROR to the County Court of Douglas county; the Hon. WILLIAM H. BASSETT, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, and JOHN H. CHADWICK, for plaintiff in error.

ECKHART & MOORE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error is the owner of land in the Craig drainage district, by user No. 13, in the town of Tuscola, in Douglas county. The district exists by virtue of section 76 of the Farm Drainage act, which provides that the parties owning adjoining lands which require a system of combined drainage, who have by voluntary action constructed ditches forming a continuous line, shall be liable for their just proportion of such repairs and improvements as may be needed therefor. Defendants in error are the commissioners of said drainage district, and classified the lands in the district under the provisions of the Farm Drainage act as a basis for assessing such lands. Plaintiff in error appealed to the county court of

Douglas county from the decision of defendants in error in classifying his lands. The county court, on motion of defendants in error, dismissed the appeal and entered judgment against plaintiff in error for costs. The writ of error in this case was sued out to review said judgment.

Sections 24 and 25 of the Farm Drainage act provide that any person appearing and urging objections to the classification of his lands, who is not satisfied with the decision of the commissioners, may appeal to the county court within ten days after such decision, by filing with the county clerk a bond, with security, conditioned to pay such taxes as may finally be levied upon the land in question, and the costs occasioned by the appeal in case the commissioners shall be sustained by the court, and that the appeal so taken may be heard at any term of the county court, provided ten days intervene between the time of taking the appeal and the first day of the term; and if not ten days, then such appeal shall be heard at the next term of said court. (Laws of 1901, p. 148.) The objections of plaintiff in error in this case were heard and the classification confirmed on November 23, 1901, and the order classifying the lands was dated on that day. The appeal of plaintiff in error was taken in exact compliance with the provisions of the statute, by filing his bond with the county clerk on November 29, 1901. The bond was dated November 27, 1901, and was in the penal sum of $5000, with William Wimple as surety, and was duly acknowledged before said county clerk and was approved by him. On the same day that the bond was filed and approved the county clerk issued a *supersedeas*, directed to defendants in error as drainage commissioners, and to the town clerk of the town of Tuscola as clerk of said commissioners, reciting the proceeding for the classification of the lands and the appeal of the plaintiff in error therefrom to said county court, and commanding the commissioners and clerk to suspend further proceedings, and to immediately transmit to the clerk of

the county court a true copy of their proceedings and all papers and documents pertaining to the same. This writ was served on the commissioners and clerk on December 6, 1901. The December term of the county court began on December 2, 1901,—less than ten days after taking the appeal,—so that it could not be heard at that term. On December 12, 1901, defendants in error filed in the county court a transcript of their proceedings in the classification of the lands, including the order appealed from. The next term of the county court at which the appeal might have been heard was the regular January probate term, beginning on January 6, 1902. There was also a January term for the transaction of law business, which began January 13, 1902. At the same time the *supersedeas* was issued the county clerk also issued a summons against defendants in error, returnable on the first day of the January term, to be held on January 13, 1902. On the return day of the summons the parties appeared in the county court, and defendants in error filed their motion to dismiss the appeal for want of jurisdiction in the county court, limiting their appearance to the purposes of the motion. The county court sustained the motion, and entered judgment dismissing the appeal at the cost of plaintiff in error.

The appeal was regularly taken and perfected by filing the bond as required by statute. When the bond was filed and it was accepted and approved by the county clerk the appeal was taken, and the cause was pending from that time in the county court. *Little* v. *Smith*, 4 Scam. 400; *Gallimore* v. *Dazey*, 12 Ill. 143; *Miller* v. *Superior Machine Co.* 79 id. 450.

The *supersedeas* was regularly issued and served upon defendants in error, from whose decision the appeal was taken, and also upon their clerk. They made return to the writ by filing a transcript of their proceedings, and the county court had thus acquired full jurisdiction of the plaintiff in error and of the subject matter of the suit.

(*Reed* v. *Driscoll*, 84 Ill. 96.)  Defendants in error had notice of the appeal by the service of the writ of *supersedeas*, which they obeyed by making return thereto.  They now insist that the county court lost jurisdiction which it had regularly acquired, because the summons issued by the county clerk was returnable to the law term, beginning on January 13, instead of the probate term, beginning on January 6, at which they would have been entitled to a trial under the statute.  We think it clear that the court did not lose jurisdiction, and that it was error to sustain the motion.  The statute makes no provision for summons, and if it was necessary that the plaintiff in error should use proper diligence in giving notice of the appeal, there was such notice, and there could be no necessity of a summons for that purpose.  The statute secures the right to a trial at the next term of the county court beginning not less than ten days after the appeal is taken, but if the summons was improperly issued, returnable to a subsequent term, the court would not thereby lose jurisdiction.  If the defendants in error had appeared at the term beginning on January 6, prepared for trial, and the plaintiff in error had failed to appear, an entirely different question would have been presented. They did not appear, although they were regularly notified of the appeal by the service of the *supersedeas* and had made return of their proceedings to the court, but they appeared at the subsequent term and seem to have insisted that the appeal was taken to that term.  This was a misapprehension.  The appeal was not taken to any term; it was taken to the county court, and the case stood for trial there according to law.  The court erred in holding that it had no jurisdiction and dismissing the appeal.

The judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*