Harry Natenberg, Defendant in Error, v. John S. Solak et al., Defendants.

George J. Cooke, Plaintiff in Error.

Gen. No. 16,596.

1. JUSTICES OF THE PEACE—*effect where papers on appeal are filed in wrong court.* Where an appeal bond in a justice's case recites that the defendants had taken an appeal to the Superior

Court of Cook county and the papers are inadvertently filed in the Circuit Court, the Circuit Court has no jurisdiction of the cause, and the fact that the defendants appealed and issues were joined does not aid.

2. Justices of the peace—*when appeal need not be formally prayed.* It is not necessary that defendants should pray an appeal when they give an appeal bond which is approved by the justice.

3. Justices of the peace—*when judgment inadmissible in action on appeal bond.* Where an appeal bond given by defendants in a forcible detainer suit before a justice recites that defendants had taken an appeal to the Superior Court of Cook county, and the papers are inadvertently filed in the Circuit Court where issue was formed, trial had and judgment obtained, the court had no jurisdiction, and in an action on the appeal bond a transcript of the judgment is not admissible.

Error to the Municipal Court of Chicago; the Hon. McKenzie Cleland, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed November 18, 1912.

Alden, Latham & Young, for plaintiff in error; Charles R. Brown, of counsel.

J. N. Heldman and Simon La Grou, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

February 2, 1906, Natenberg, the defendant in error here, had judgment for the restitution of possession of certain premises in an action of forcible detainer brought by him before a justice of the peace against Stanislaus and John Solak. The next day an appeal bond executed by said defendants and Cooke, the plaintiff in error here, was presented to the justice and by him "taken and approved." The recital in the bond is that the defendants had "taken an appeal to the Superior Court of Cook County," but by some inadvertence the papers were filed in the Circuit Court and the cause docketed in that court. In an action on the

bond against the obligors in the Municipal Court, in which Cooke only was served with process, the plaintiff put in evidence, over the objection of defendant Cooke, said appeal bond, justice's transcript and a transcript of a judgment rendered in the Circuit Court for the restitution of said premises. In a similar case, where the appeal was taken to the Superior Court and the papers filed by mistake in the Circuit Court, it was held that the Circuit Court had no jurisdiction of the cause because the appeal was to a different court. Wadhams v. Hotchkiss, 80 Ill. 437. The fact that the defendants appealed and issues were joined did not confer jurisdiction over the subject-matter of the suit.

It was not necessary that the defendants should pray an appeal. The giving of an appeal bond, which the justice approved, was all the praying of an appeal that was necessary. Fix v. Quinn, 75 Ill. 232.

From the time the bond was accepted and approved by the justice the appeal was taken and the cause was pending in the Superior Court, although the papers were not sent up within the time required by law. Defendants had done all that was required of them, and they are not responsible for the justice's neglect or mistake. Little v. Smith, 5 Ill. (Scam.) 400; Gallimore v. Dozey, 12 Ill. 143; Frahm v. Commissioners Craig Drain. Dist., 200 Ill. 233.

In Little v. Smith, *supra,* it was intimated that on failure of the party appealing to apply to the court to which the appeal was taken to compel the justice to file the bond and other papers in that court, the court, in its discretion, might dismiss the appeal. In Wadhams v. Hotchkiss, *supra,* it was intimated that the proper course was for the Circuit Court to strike the case from the docket, "when appellee could have filed the papers in the Superior Court." We do not deem it proper at this time to decide or even intimate the steps that should be taken by either party on the remanding of the cause. All that we decide is that

the appeal was taken to the Superior Court; that there was no jurisdiction in the Circuit Court to hear and determine the cause, and that therefore the trial court erred in admitting in evidence the transcript of the judgment entered in that court.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*