**Dan F. Haller, Appellee, v. Charles H. Rieth, Appellant.**

1. JUSTICES OF THE PEACE—*what required of appellant to perfect appeal.* When a party appealing from a judgment in justice's court filed his appeal bond with the clerk of the county court within twenty days and it was approved, appellant had done all that was required of him by statute to perfect his appeal, although the papers were not sent up within the time specified by statute.

2. JUSTICES OF THE PEACE—*when county court is without jurisdiction to dismiss appeal on motion of appellee.* Where no summons was issued or served on the appellee on appeal from a judgment in justice's court and he did not enter his written appearance ten days before the commencement of the term of court to which the appeal was taken, the county court was without jurisdiction to dismiss the appeal on the motion of appellee.

Appeal from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed November 10, 1921. Rehearing denied March 30, 1922.

J. B. HARRIS and H. M. NEEDLES, for appellant.

R. F. TUNNELL, JR., for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee brought suit in attachment against appellant before a justice of the peace of Woodriver, Madison county, which resulted in a judgment on August 28, 1920, in favor of appellee for $118.74. Appellant filed an appeal bond with the clerk of the county court on September 16, 1920, which was approved by the clerk on that day. The September term of said court convened on September 13, three days before said appeal bond was filed. The clerk of the county court issued a *supersedeas* on the day the bond was filed and the same was served upon the justice on September 18. On October 16, said justice filed in the office of said clerk the transcript of the proceedings before him. On October 23, seven days after said transcript had been filed and while the September term of said county court was still in session, appellee on limited appearance entered a motion praying a dismissal of said appeal upon the ground that it was not perfected within the time allowed by law. The court took this motion under advisement until October 29, when an order was entered sustaining said motion and dismissing said appeal for the reason assigned. Thereupon on December 1, and while the September term of said court was still in session, appellant entered a motion to set aside said order or dismissal upon the ground that said court had no jurisdiction to enter any order in said cause at the September term (except an order of continuance), for the reason that no summons had been served upon appellee more than ten days before the first day of said term, and because he had not entered his appearance in writing, waiving the service of summons, and for the further reason that the transcript of the proceedings before the justice was not on file in said court ten days before the first day of said September term. The court entered an order denying the motion to set aside said order of dismissal. To reverse said order, appellant prayed for and obtained an appeal to this court.

It is the contention of counsel for appellant that the county court was without jurisdiction at its September term, 1920, to enter any order in said cause except an order of continuance, and that even though it be conceded the court had jurisdiction of said cause at said term, it was error to dismiss said appeal for the reason that the provisions of the statute fixing the time in which the justice of the peace shall send up his transcript is directory only, and not mandatory.

The statute with reference to the method of perfecting an appeal from a justice of the peace as amended June 12, 1919 (Cahill's Ill. St. ch. 79, ¶ 116), among other things provides: "If the bond is filed with the clerk of court to which the appeal is taken, it shall be approved by him, and upon the approval of the bond, the clerk shall issue a *supersedeas* enjoining the justice and constable from proceeding any further in said suit, and suspending all proceedings in relation thereto, and he shall issue a summons to the appellee to appear at the term of the court to which the appeal is returnable, which summons and *supersedeas* shall be served and returned as summons in other cases. As soon as the *supersedeas,* issued as aforesaid, shall be served on the justice who gave the judgment and the constable in whose hands an execution or other process may be in relation thereto, they shall suspend all further proceedings thereon. The justice shall, within twenty days after the filing of the bond with him and the payment of the appeal fee, or the service upon him of the *supersedeas,* deliver to the clerk of the court to which the appeal is taken, all the papers in the case and transcript of his docket in the case with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him."

The record in this case discloses that appellant filed said appeal bond with said clerk of the county court of Madison county within the twenty days as by law

required and that said clerk approved said bond and' on the same day issued a *supersedeas* and the same was served upon said justice on September 18, 1920. When appellant filed his appeal bond with the clerk of the county court and same was approved by him, appellant had done all that was required of him by statute to perfect his appeal, although the papers were not sent up within the time specified by statute. *Little v. Smith,* 5 Ill. 400; Gallimore v. Dazey, 12 Ill. 143-145; *Frahm v. Craig Drain. Dist. Com'rs,* 200 Ill. 233-235; *Natenberg v. Solak,* 174 Ill. App. 443-445.

No summons was issued or served upon appellee nor did he enter his written appearance ten days before the commencement of the September, 1920, term of said county court to which the appeal was taken, hence the county court was without jurisdiction to dismiss said appeal on motion of appellee. *Camp v. Hogan,* 73 Ill. 228-229; *Sheridan v. Beardsley,* 89 Ill. 477-478; *Scheidt v. Goldsmith,* 89 Ill. App. 217-218.

For the reasons above set forth the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*